MESEROLE et al. v. SOUTHWESTERN
LIFE INS. CO.   (No. 1347.)

(Court of Civil Appeals of Texas.   Amarillo.
May 1, 1918.)

INSURANCE &367(2) — LIFE INSURANCE —
CONSTRUCTION OF POLICY.

Under life policy providing that, after the second policy year, the company may loan a stated sum, subject to deduction of all premiums for the current year or existing indebtedness, and that failure to repay the loan shall not avoid the policy until the total indebtedness exceeds the loan value, that if, after expiration of second policy year, any premium is unpaid, it will be paid out of the loan value, if in excess of indebtedness, and that, if default is made in payment of premiums for three full years, the policy should be extended for two years and six months, if there was no indebtedness on the policy, where insured failed to pay the third premium, which was paid from the loan value of his policy, and he died shortly after the fourth premium became due, when the loan value in excess of the indebtedness was less than enough to pay the fourth premium, there could be no recovery on the policy, which lapsed on default for more than one month in payment of the fourth premium.

Appeal from District Court, Scurry County; W. W. Beall, Judge.

Action by Dora E. (Elliott) Meserole and husband against the Southwestern Life Insurance Company.  Judgment for defendant, and plaintiffs appeal.  Affirmed.

Cullen C. Higgins, of Snyder, for appellants.  Cockrell, Gray, McBride & O'Donnell, of Dallas, for appellee.

BOYCE, J.  This suit was brought by appellants, Dora E. (Elliott) Meserole, joined by her husband, against the appellee, Southwestern Life Insurance Company, on a policy of insurance issued by said life insurance company on the life of James Madison Elliott, in favor of the said Dora E. (Elliott) Meserole.  The only question in the case is as to whether the policy had lapsed at the time of the death of James Madison Elliott, by reason of nonpayment of premiums as hereinafter stated.  The policy was for $1,-

000, dated January 18, 1913, and provided for the payment of an annual premium of $30.05 in advance on January 18th of each year. The first two premiums—that is, those due January 18, 1913, and January 18, 1914 —were paid in cash. No payment of the premium becoming due January 18, 1915, was made by the insured, and the company, un- der the automatic loan provision of the pol- icy, hereinafter copied, loaned on the security of policy the sum of $31.63, being the an- nual premium of $30.05 due and interest on same for one year in advance, and thus paid the premium for said year beginning Janu- ary 18, 1915. This indebtedness was not re- paid by the insured, and no payment was made of the premium becoming due on Janu- ary 18, 1916. The insured died on June 6, 1916. The court below found that the policy had lapsed.

The following provisions of the policy will control the decision of the question thus pre- sented:

I. *Premiums.* This insurance is granted in consideration of the payment in advance of the annual premium of $30.05 on or before the 18th day of each January during the continuance of this contract. * * * Except as herein pro- vided, the payment of a premium or installment thereof shall not maintain the policy in force beyond the date when the next premium or in- stallment thereof is payable.

\* \* \* \* \* \* \*

IV. *Settlement.* Upon any settlement under this policy all indebtedness to the company on the policy and all indebtedness of the holder of the policy to the company and also any unpaid portion or installment of the full premium for the current policy year shall be deducted from any sum payable by the company.

V. *Loan and Nonforfeiture Provisions— Loans.* At any time after the second policy year when the policy shall be in force, the com- pany will loan upon proper assignment of the policy, and upon sole security thereof, all or any part of the sum stated in column 1 of the table on the third page hereof, subject to the deduction of all premiums for the current year and all existing indebtedness to the company on the policy. The loan shall bear interest at the rate of five per cent. per annum payable in advance to the end of the current policy year and annually in advance thereafter. Failure to repay any such loan or to pay interest there- on shall not avoid the policy until the total indebtedness to the company thereon shall equal or exceed its loan value.

*Automatic Continued Insurance.* If at any time after the expiration of the second policy year, and while this policy is in full force, any premium or installment of premium shall not be paid or settled in any other way within the time allowed by this policy for its payment the company, acting for that purpose for the legal holder of the policy, shall pay such premium or installment of premium then due out of the loan value of the policy, provided that such loan value, as shown by the table on the third page hereof, in excess of all indebtedness to the com- pany then existing thereon, shall be then suffi- cient to pay such premium or installment of premium, together with the interest below men- tioned, and provided that the company shall not theretofore have received at its home office writ- ten instructions from the policy holder not to do so. The sum so paid, together with the interest thereon, shall constitute a loan upon the sole security of this policy to the legal holder there-

of, and shall bear interest at the rate of five per cent. per annum, and, together with all other indebtedness to the company thereon, shall con- stitute a first lien upon the policy. Interest shall be payable in advance for the period cov- ered by each successive premium, and the cur- rent installment thereof shall be included by the company in each such loan. Such loan may be repaid at any time, but failure to repay it shall not avoid the policy until the total in- debtedness thereon shall equal or exceed the loan value of the poicy.

*Other Nonforfeiture Provisions.* If default shall be made in the payment of any premium or premium note after payment of premiums for three full years (there being no default if such premium has been paid under the automatic continued insurance privilege above described), then—

1. Without any action on the part of the in- sured, this policy shall be extended as a policy of paid-up term insurance (without loan or sur- render value) for the full amount thereof and for such a term, beginning at the due date of the unpaid premium, as that the net value there- of shall equal the net value of the paid-up term insurance stated in column 2 of the table on the third page hereof, less all existing in- debtedness to the company on the policy. Or—

\* \* \* \* \* \* \*

The reserves on this policy and all the net values above mentioned will be computed in ac- cordance with the American Experience Table of Mortality, and interest at the rate of three and one-half per cent. per annum.

Table of Loan and Nonforfeiture Values [re- ferred to above].

If there be no indebtedness upon the policy, the loan and nonforfeiture values available at the expiration of each policy year up to and including the twentieth will be as stated in the following table. Policy years date from Janu- ary 18, 1913.

| End of Policy Year. | Column 1. Loan Val- ue. | Column 2. Paid-up Term Ins. | | Column 3. Paid-up Life In- surance. | Column 4. Cash Value. |
|---|---|---|---|---|---|
| 1 | — | Yrs. | Mos. | — | — |
| 2 | 32 | | | — | — |
| 3 | 49 | 2 | 6 | 68 | 32 |

\* \* \* \* \* \* \* \* \*

The court found, there being no statement of facts in the record, that:

"The net value of the term insurance provided for in the said policy at the end of the third year, computed in accordance with the American Experience Table of Mortality, and interest at the rate of 3½ per cent. per annum, amount- ed to $27.75."

It is not contended that the "loan value" of the policy at the time of the default in payment of the fourth premium was suf- ficient to continue the policy longer by an automatic loan. The loan value after the payment of the fourth premium would have been $49, from which would be deducted an existing *indebtedness* of $31.63, leaving only $17.47 that might be loaned and applied in payment of said fourth premium, and which was, of course, not sufficient to pay said annual premium then due. But appellants' contention on this appeal, variously present- ed, is that after payment of three premiums, as stated, the policy was not subject to lapse

upon failure to pay the fourth premium, but by reason of the automatic extension provisions of the policy was automatically extended for a period of two years and six months, and, the insured having died within said period, recovery could be had on the policy, with proper deductions for indebtedness due it under the provisions for "settlement" quoted above.

We cannot, however, concur in this construction of the policy. If it was the intention to provide that, after the payment of premiums for three full years, default in further premium payments would not forfeit the policy, but it would be automatically extended for the full period of time provided in column 2 of the table referred to above, and irrespective of any indebtedness, section 1 of the clause "Other Nonforfeiture Provisions" should have read, "Without any action on the part of the insured, this policy shall be extended as a policy of paid-up term insurance, without loan or surrender values, for the full amount thereof, and for such a term as stated in column 2," etc., and the reference to existing indebtedness, as actually contained in said section 1 of said clause, and the further reference to the method of computing the net values by reference to the American Experience Table of Mortality, would have been unnecessary and improper. But the actual provisions of the policy seem plain to us and absolutely inconsistent with this construction insisted upon by appellants. The "Table of Nonforfeiture Values" is preceded by the statement that such values are available "if there be no indebtedness upon the policy." And paragraph 1 of the clause "Other Nonforfeiture Provisions" provides that upon default in payment of premiums the automatic extension should be "for such a term beginning at the due date of the unpaid premium as that the net value thereof shall equal the net value of the paid-up term insurance stated in column 2 of the table on the third page hereof [referring to the table which we have copied in part above], less all existing indebtedness to the company on the policy." It seems clear to us, under these provisions, that in case of default in payment of premiums, if there be existing indebtedness against the company, the value of the term insurance, as provided in the tables as applicable to the number of years the policy has been in force, should be computed in accordance with the American Table of Mortality; from this value the indebtedness due on the policy should be deducted, and the policy then extended for such term as that such balance would purchase insurance for the face of the policy, computed according to said American Experience Table of Mortality. Since the court found that the net value of the term insurance at the end of the third year was $27.75, and since there was an existing indebtedness against the policy of $31.63, nothing was available under these provisions for the purchase of an extended term of insurance, and the policy lapsed when default was made for more than one month in payment of the fourth annual premium.

The holding results in overruling all of appellants' assignments, and the case will be affirmed.

HUFF, J., not sitting, serving on committee of judges at Austin.