## SHAMBLIN v. SOUTHLAND LIFE INS. CO.

### No. 11070.

Court of Civil Appeals of Texas. Galveston.

Nov. 14, 1940.

Rehearing Denied Dec. 5, 1940.

J. S. Bracewell, of Houston, for appellant.

Sewell, Taylor, Morris & Connally, of Houston, and Malone, Lipscomb, White & Seay, of Dallas, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Margaret Shamblin, to recover, as beneficiary, under a policy of life insurance issued by the Gulf States Life Insurance Company on the life of her deceased husband, James M. Shamblin. The policy was afterwards taken over and its obligations assumed by appellee, Southland Life Insurance Company.

In a trial before the court upon an agreed statement of facts, judgment was rendered in favor of defendant, appellee herein.

The policy of life insurance in question was for the sum of $2,000. It contained premium waiver and double indemnity provisions and provided for a total annual premium of $40.60, including a premium of $3 on said double indemnity provision and $1.04 on the premium waiver provision, payable quarterly. All premiums were paid by the insured up to and including August 31, 1937, but no premiums were paid by him after that time. On failure to pay the quarterly premium due on September 1, 1937, and on each occasion thereafter when quarterly premiums came due and were not paid, appellee Company wrote the insured informing him that such insurance was being carried under the automatic loan provision of said policy. On April 21, 1939, appellee Company wrote insured informing him that said policy of insurance had lapsed. On May 23, 1939, it again wrote suggesting that he have said policy reinstated. No response was made to these letters and no protest or objection was made by insured to the plan of payment outlined therein.

On March 1, 1939, the total of the quarterly premiums paid by appellee on said policy, plus the earned interest charged by appellee Company against said policy under the automatic loan provision thereof, amounted to $66.90. On that date the value of the extended term insurance available under said policy amounted to $68.20, leaving a value in said policy of $1.30 which, if used to purchase extended term insurance under the terms of said policy, would have purchased insurance for a period of 27 days. Insured died on August 24, 1939, one year, eleven months and twenty-four days after default in the payment by insured of the premiums due on said policy.

The provisions and terms of said policy of insurance material to this appeal are as follows:

"Automatic Premium Loans. After this policy shall have been continued in force for three full years, any time thereafter upon failure of the Insured to pay the premium or any installment thereof when due or within the grace period allowed for its payment, the Company will advance a loan against this policy to pay such premium or any installment thereof, provided the cash value hereof shall be sufficient to secure such loan and all other indebtedness against the policy and interest in advance at the rate of six per cent per annum on the total debt to the next premium due date. The policy will thus be continued in force as long as the cash value thereof is sufficient to secure the advance of as much as one quarterly premium and all existing indebtedness with interest. The Company shall similarly have the right to advance a loan to pay a premium note if such is given for payment or as an extension of the due date of any renewal premium. Any loan made hereunder shall otherwise be subject to all the terms and conditions of the 'Cash Loans' provision.

"Non-Forfeiture Provisions. Within sixty days from the date of default in the payment of any premium or premium note (there being no default if such premium or note has been paid or secured by advance under the 'Automatic Premium Loans' provision), the Insured may surrender this policy and elect one of the following options:

"First Option Cash Value. Surrender this policy for its Cash Value, which shall be the sum indicated in the Table of Options opposite the number of years for which full annual premiums have been paid, and less any indebtedness to the Company on account of or secured by this policy. The payment of said Cash Value may, at the option of the Company, be deferred for not to exceed ninety days after application therefor is received by the Company.

"Second Option Paid-up Insurance. Have this policy endorsed at the Home Office of The Company as a policy of paid-up insurance, payable at the same time and under the same conditions as this policy. The amount of such paid-up insurance shall be such as the net cash value of the policy as above defined will purchase as a net single premium at the attained age of the Insured.

"Third Option Extended Insurance. Have this policy continued in force as non-participating extended insurance, and pure endowment, if any, without the right to surrender or loan values. The amount of such extended insurance shall be the face amount of the policy less any indebtedness to the Company on the policy. The period for which the extended term insurance will continue from the due date of the unpaid premium will be such as the net value of this option as shown in the Table less any indebtedness will purchase applied as a net single premium at the attained age of the Insured.

"If the Insured shall not within sixty days from default in the payment of any premium or premium note surrender this policy for its Cash Value as provided above in the First Option, or for a policy of paid-up insurance as provided in the Second Option, the policy will be automatically continued in force as Extended Term Insurance and pure endowment, if any, as provided in the Third Option.

"Indebtedness. Any indebtedness to the Company on account of or secured by this policy and any indebtedness of the holder of the policy to the Company shall be a first lien and will be deducted from any settlement under this policy."

The double indemnity rider provides, in substance, that: "if, during the premium paying period * * * and before default in the payment of any premium, * * * and if none of the non-forfeiture privileges is in effect * * *" the company will pay double indemnity insurance. The waiver of premiums rider reads, in part: "The disability benefit herein provided shall not be payable if, at the date of disability the said policy shall be in force under any non-forfeiture provision thereof (except automatic premium loan provision, if any)."

The only question presented in this appeal is whether the policy of insurance in question had lapsed by reason of the non-payment of premiums at the time of the death of insured, James M. Shamblin.

Appellant contends that, under the terms of said policy, appellee Company did not have the legal right to deduct premium loan advancements from the legal reserve value of said policy in such a manner as to destroy the reserve fund under the policy for the purchase of extended insurance.

Under the automatic loan provision of said policy, the company agreed, in effect, that after said policy had been in force for three full years, upon failure of the insured to pay the premium due thereon, it would advance a loan against said policy to pay such premium provided the cash value thereof was sufficient. The policy would thus be continued in force as long as the cash value thereof was sufficient to secure the advance of as much as one quarterly premium.

It is undisputed that no premiums were paid by the insured after August 31, 1937, and that appellee Company, under the automatic premium loan provision of said policy, advanced in behalf of the insured as a loan on the policy premiums which, with interest charged by appellee Company against said policy under the terms thereof, amounted to $66.90. At that date the cash value of the policy was $68.20, exclusive of any indebtedness against it. Of this amount the sum of $66.90 had been absorbed in the payment of premiums to the company under the automatic loan provision of the policy for the payment thereof. The balance of $1.30 remaining of the net value of paid-up term insurance was insufficient to fix a term of paid-up insurance of sufficient duration to extend the

policy beyond the date of the death of insured. It therefore follows that there was no insurance in force at the time of the death of James M. Shamblin on August 24, 1939. The automatic loan provisions contained in said policy, including the right of an insurance company to advance the funds necessary to pay premiums thereon, with interest, and thereby diminish the period for extended insurance, has been upheld in the following cases: Huff v. Southwestern Life Ins. Co., Tex.Civ.App., 95 S.W.2d 498, writ refused; Pacific Mutual Life Ins. Co. v. Merritt B. Thurman, Jr., 126 Tex. 363, 89 S.W.2d 202; Southland Life Ins. Co. v. Hopkins, Tex.Com. App., 244 S.W. 989; Meserole v. Southwestern Life Ins. Co., Tex.Civ.App., 203 S.W. 1161.

■ Appellant further contends that even if it should be held that appellee Company was authorized under the terms of said policy to deduct premium loan advancements from the legal reserve value of said policy under its automatic premium loan provision, the Company was not authorized to use such reserve in paying the premiums on the riders attached to the policy for annual premium waiver and double indemnity of, respectively, $1.04 and $3. It is contended that if the premiums on said riders had not been taken from said reserve the policy would have been in effect on the date of the death of insured. This contention cannot be sustained.

It is uncontroverted that the premiums on the double indemnity and premium waiver provisions were advanced by appellee Company under the automatic premium loan provision of said policy in connection with the other premiums advanced and that the insured received the benefits thereof in the protection afforded by these riders while the policy was kept in force by the automatic loans. Certainly if the insured had sustained death by accidental means during the period the policy was being kept in force by automatic loans appellant would have been entitled to recover under said double indemnity provision.

Under above facts appellant is in no position to contend that said premiums cannot be included in the automatic premium loans advanced by appellee Company, since unquestionably the provisions contained in said two riders to the policy were a part of the insurance contract between appellee Company and insured.

In the instant case under the clear and unambiguous terms of said policy the insured was given 60 days to choose one of three options. Not having chosen the option, and the Company having elected to advance the premiums under its automatic premium loan provision as long as there existed a cash value in said policy, and the insured having had the benefit of the protection afforded not only by the main provisions of said policy but of the riders attached thereto, the premiums for which were added to the quarterly premiums due and advanced by the Company while it was being kept in force by the automatic loans, the beneficiary is at this time in no position to object to the methods pursued by the Company under the terms of said policy whereby the policy has kept alive as long as the value remained therein.

Under the above facts appellant's propositions are overruled. The judgment of the trial court is in all things affirmed.

Affirmed.