D. R. ANTHONY *v.* LUCRETIA B. STINSON, AND HURD.

*Error from Leavenworth County.*

In an action brought by an administratrix of a deceased person, and his surviving partner, on a copartnership claim, *it seems* that an allegation in an answer, "that the said firm was indebted to said defendant, on account, for publishing notices in the Bulletin newspaper [a copy of which

account is set forth in the answer], amounting to $114; that there are no credits on said account," and asking that it be allowed as an off-set, is a good pleading of an off-set.

When the reply to such answer, setting up an off-set, denies " each and every allegation of said answer, setting up a counter-claim," an objection on motion to strike out this reply as not responsive to the answer, *held* too technical, and under §§ 124, 148 of Civ. Code, must be disregarded; and, *held* that a further allegation in the reply, denying " each and every allegation setting up and alleging new matter," is sufficiently broad.

Under § 323, Civ. Code, no party shall, by virtue of the provisions of §§ 120, 320, making parties witnesses, be permitted to prove, by his own oath, what the deceased might have disproved if alive; and *held* that a surviving partner, plaintiff, is a competent witness. *Held*, in such case, that defendant may testify *as to all* matters transpiring since the death, and as to all, respecting which the surviving partner testified, and is competent to authenticate his books of account.

Account books, proved to be books of original entry of a business belonging to defendant, are competent evidence for the jury.

The testimony of experts must have its influence, by enlightening and convincing, and must out-weigh, if at all, by intrinsic force; *held*, error for the court to charge the jury that "such testimony [evidence of experts, as to worth of professional services] is the guide of the jury in finding the amount justly due; and in this case you must take the testimony of these witnesses, and be governed by it."

It is not for the court to instruct the jury what part of the testimony shall control their verdict; *held*, error to charge the jury that "they must not consider *their* judgment better than the judgment of the witnesses"—experts.

The opinions of experts are regarded *as facts to be considered* and weighed, not exclusively, but as and with the other facts and circumstances of the case.

A statement of the condition of the pleadings in this case may be found in the subjoined opinion.

On the trial, Theodore A. Hurd, one of the plaintiffs, was offered as a witness on their part; the defendant objected to his being sworn, on the ground that he was a joint party with the administratrix of a deceased person—the defendant being excluded from testifying

in the case. The objection was overruled, and he was sworn, and the defendant excepted. The plaintiffs offered to prove by Hurd, the employment of Stinson & Hurd by the defendant, the services rendered by them, and the value of such services, to which the defendant objected, on the ground that these were transactions occurring during the lifetime of Stinson, to which the defendant was not permitted to testify; which objection was overruled, and Hurd was permitted to testify, and the defendant excepted.

The defense offered to prove by the defendant, that the services charged in the answer as a set-off were rendered for Stinson & Hurd, on their credit, and that the defendant was the owner of the account, to which the plaintiffs objected, on the ground that these were transactions occurring during the lifetime of Stinson, to which said Hurd had not testified, and to which the defendant was not competent to testify; which objection was sustained by the court, and the testimony rejected, and the defendant excepted.

The defense then offered to prove by the defendant that a certain book, then produced in court, was the account book of original entries of the Bulletin company, and that he was the proprietor of the business carried on in the name of said company; to which the plaintiffs objected, on the ground last above stated; which objection was sustained by the court, and said testimony was rejected; to which the defendant excepted.

The defendant offered in evidence the said account book, having first proved the same to be his book of original entries, and proved by the clerk who made the entries that they were made by him, were in his handwriting, were made of each day's transactions in

the office, that they were correct, that the book was honestly and correctly kept, and proved by two witnesses that they had had dealings with the Bulletin office, and always found the accounts correct; to the admission of which the plaintiffs objected, which objection was sustained by the court, and the defendant excepted.

The defendant also offered in evidence the entries in said book, proved by the clerk, Dennis, to be in his handwriting, which was objected to by the plaintiffs; which objection was sustained, and the defendant excepted.

Other facts relative to the charges of the court to the jury, appear in the opinion of the court.

*McCahon & Britton,* for plaintiff in error.

*Hurd & Stillings,* for defendants in error.

*McCahon & Britton* submitted:

Section 323 of the code only provides that no party shall be allowed to testify, where the adverse party is executor or administrator of a deceased person, where the facts to be proved transpired before the death of the deceased person. The administrator of a deceased partner and the surviving partner represent the partnership, and not the estate of the deceased party. If Hurd, the surviving partner, was a competent witness to establish plaintiff's claim, the defendant below was also competent to establish a set-off to plaintiff's claim, the claims having accrued cotemporaneously. The executrix is not, in this case, the adverse party; the law does not exclude where an executor is *one* of the parties. The reason for the law is obvious. An ex-

ecutor as a sole party would not be sufficiently cognizant of facts transpiring during the life of the decedent, to meet the testimony of the adverse party. But where the executor is joined with the surviving partner, and he testifies as a witness to such facts, the reason ceases to exist. 10 *Cush.*; 3 *N. H.*, 157.

The language of section 323 of the code is plain and unambiguous, and must be its own interpreter. It is only when a statute is ambiguous in its terms, that courts can exercise the power of so controlling its language as to give effect to what they may suppose to have been the intention of the law makers. *See Sedg. on Stat. and Const. Law,* 245, 246, 247; 1 *Mich.*, 469, 479; 9 *Ohio St.*, 558.

The defendant was a competent witness to prove the book to be his book of original entries. There was sufficient preliminary proof to entitle the book to be admitted in evidence. Books are admissible to prove an account for advertising. 3 *Philips Ev.*, 310; 1 *Smith's L. C.*, 419; 1 *Nott & McCord,* 186.

4. The entries made by the clerk in the usual course of business, form part of the *res gestæ*, and when authenticated by him, are admissible as original evidence to go to the jury in connection with his testimony, and they are to determine what weight shall be given them, in connection with all the circumstances in the case. *Smith's Lead. Cas.*, 506-7, 397, 407; 15 *Ill.*, 275; 16 *Wend.*, 595; 23 *Barb.*, 571; 22 *N. Y.*, 462; 7 *Har. & Johns.*, 398.

5. The reply does not deny the allegation of set-off in the answer.

6. The court clearly erred in its instructions to the jury, concerning the value of the services. It was its undoubted province to fix the value of the services

rendered, to consider all the evidence in the case, giving such weight to each portion of it as, in their judgment, in connection with all the circumstances in the case, it deserved. In this the court had no right to interfere, or to dictate to the jury what testimony should govern, to the exclusion of other evidence properly before them.

If the testimony of the lawyers as to the value was conclusive, and their judgment was properly forced upon the jury as better than their own, then the lawyers, and not the jury, were the proper persons to have made up the verdict. Which lawyer's evidence was to govern?—the one who placed the highest value on the services, or the lowest? It would seem that the instruction of the court was impracticable, as well as erroneous.

Although the opinions of the lawyers might be entitled to more weight than those of others, as to the value of professional services, yet the jury should find according to the whole evidence, although they might find against the opinion of the lawyers. 13 *Ala.*, 202; 3 *U. S. Dig.*, 206, § 104.

The instruction given by the court was an improper interference, and an infringement on the privileges of the jury, whose right it was to judge of the sufficiency or insufficiency of the evidence adduced, to establish any fact in issue before them—the province of the court being to see that all proper evidence offered be submitted for their consideration, without saying what effect such evidence ought to have in the case. Whenever the court undertakes to dictate to the jury on questions of fact, the verdict should be set aside. *Grah. & Wat.*, *New Tr.*, 411, 316; 10 *Pick.*, 140, 162, 368; 12 *Mass.*,

22; 2 *Tenn. R.*, 53; 3 *Wend.*, 102; 12 *Johns.*, 513; 12 *Iowa*, 450, 453; 30 *Mo.*, 166, 201, 520.

*Hurd & Stillings*, for defendants in error, submitted:

1. Sections 320, 321, 322 and 323, civil code, sanction the introduction of the evidence of a surviving partner, in an action brought by him and the representative of the deceased partner. *Myers* v. *Walker*, 9 *Ohio S.*, 558.

2. The evidence of defendant below was properly rejected, as to facts known only to him and the deceased. *Stevens* v. *Hartley*, 13 *Ohio S.*, 531; 2 *Abb. Dig.*, 739, §§ 1741-6.

3. The account books were properly rejected as evidence. No necessity existed for their introduction. They were but secondary evidence, the entries having been made by clerks, who were competent witnesses, and were on the witness stand. The books do not show that the printing was done for Stinson & Hurd, but for persons of whom they were attorneys, and therefore not liable therefor, unless by special contract. The books were not admissible to prove a special contract. (31 *Phil. Ev.*, 308; *Poultney* v. *Ross*, 1 *Dallas*, 238; 1 *Akin*, 355; 2 *Vt.*, 75.) Nor to prove printing done. 1 *Greenl. Ev.*, 159 (*note*); 10 *Cush.*, 35; 3 *N. H.*, 157; 1 *Gray* (*Mass.*), 150.

4. The reply was sufficient. *Civ. Code*, § 137.

*By the Court*, BAILEY, J.

This was an action originally brought in the district court of Leavenworth county, by Lucretia B. Stinson, as administratrix of her late husband, Samuel A. Stinson, and Theodore A. Hurd, surviving partner of said Stin-

son, to recover the sum of $1,610 from the defendant, for certain professional services as lawyers.

The answer of defendant set up: 1. A denial of every allegation in plaintiffs' petition, except as to death of Stinson, appointment of his widow as administratrix, and the existence of partnership between Stinson and Hurd. 2. That said firm of Stinson & Hurd was indebted to said Anthony, on account for publishing notices in the "Bulletin" newspaper, a copy of which account is set forth in the answer, amounting to $114; that there were no credits on said accounts, and asking that the said sum of $114, with interest, &c., might be set off against so much of the claim as might be established against him.

To this answer plaintiffs filed a reply, denying "each and every allegation of the said answer," setting up a counter-claim, and each and every allegation of said answer setting up and alleging new matter, and each and every part thereof.

A motion to strike out the reply was made by defendant's counsel, overruled by the court, and exception taken by counsel for defendant, after which the parties proceeded to trial, and under the instructions the jury found a verdict for plaintiffs, for the sum of $788.76.

The plaintiff in error complains that the court below erred—1. In refusing to strike out plaintiffs' reply. 2. In permitting Hurd to testify. 3. In refusing to allow Anthony to testify. 4. In refusing to allow Anthony to introduce his books as evidence in proof of his set-off. 5. In charging the jury that they must be "governed by the testimony of the lawyers as to the value of the legal services rendered."

Of these, each in their order:

I. As to striking out the reply. It was urged in support of the motion to strike out that it was not responsive to the defendant's answer, inasmuch as it denied each and every allegation of the defendant, setting up a counter-claim, while the demand which the defendant below was seeking to set up, was not a counter-claim, as defined by sec. 103 of the code, but was a set-off. We think this objection somewhat too technical to prevail, where the demand is set out, and the party is duly notified that his adversary will rely on it, even though he should err to the extent of calling it a counter-claim, when it would more strictly be termed a set-off. Such a mistake would be clearly covered by the provisions of art. 2, and secs. 124 and 148 of the code; and besides, we think the reply contains an ample and full denial of the allegations in the answer, as it denies each and every allegation of new matter in such answer.

II. As to the admissibility of the testimony of Hurd. This calls for a construction of sec. 323 of the code, and on this point it is contended by counsel for plaintiff in error, that inasmuch as the plaintiffs below consisted of the surviving partner of the deceased, joined with the administratrix of his deceased partner, representing the partnership of Stinson & Hurd, and not the estate of Samuel A. Stinson, the provisions of the section did not apply to the defendant below, the now plaintiff in error.

But here again we must differ with the learned counsel, and with the construction he would favor as *too technical.* We think the fair and obvious construction of this section to be, that no party shall, by virtue of the provisions of secs. 120 and 320, making parties witnesses, be permitted to prove by his own oath as wit-

ness what the deceased might perhaps have disproved had he been living.

The reason of the rule is as applicable to this case as though Mrs. Stinson, as administratrix, had been the only party plaintiff. But neither party are to be precluded from proving their case, by the testimony of living witnesses, as before parties were allowed to testify.

Hurd was a good witness, because his adverse party was living, and in court to contradict him, if he should misstate the facts. And we fully approve of the rule laid down by the court, that Anthony could testify as to all matters in controversy which had transpired since the death of Stinson, and as to all matters respecting which said Hurd had testified.

III. The book of accounts of the Bulletin printing office was offered in evidence after proof made that the business of that office was Anthony's business, and that the book was the book of original entries. The book, thus authenticated, was excepted to and excluded from the jury, on the ground, it must be presumed, that as the book was only evidence in support of Anthony's pretended set-off, and that set-off had not been properly pleaded so as to be in issue, the book of accounts was irrelevant. But, as we hold that the set-off was sufficiently pleaded, we must hold that the book of accounts was improperly excluded.

Most clearly, Anthony was a competent witness to prove that the book offered in evidence was his book of original entries ; and the book thus authenticated was competent evidence for the jury, who, having it before them for examination, might judge of the weight it was entitled to from all the circumstances relating

to it, such as the manner in which it appeared to have been kept, &c.

IV. Certain lawyers having testified as to the value of the legal services rendered by the plaintiffs, the court instructed the jury that "*Such witnesses* are supposed to be better qualified to put a value upon such services than the jury, none of whom may have any personal knowledge of the nature of the business in which they have been performed. *Such testimony is the guide of the jury* in finding the amount justly due, and in this case you must take the testimony of these witnesses, and be governed by it, in finding the value of the services rendered by Stinson & Hurd."

We do not so understand the law of jury trials. It is not for the court to instruct the jury as to what part of the testimony before them shall control their verdict, but the *jury* must weigh all the testimony before them, decide as to its credibility, and as to the weight which should be given to it in making up the verdict. The testimony of *experts* or professional witnesses is often very important, and justly entitled to great weight in a cause ; but it must have its legitimate influence by enlightening, convincing and governing the judgment of the jury, and must be of such a character as to outweigh, by its intrinsic force and probability, all conflicting testimony. The jury cannot be required by the court to accept, as matter of law, the *conclusions* of the witnesses instead of their own ; and we think the court below erred in this part of its charge. Nor was this error cured when, upon the request of the defendant's counsel, that the court should instruct the jury "that they should not be governed *alone* by the evidence of the witnesses offered, to prove the value of the services, but that they should also take into consider-

ation all the circumstances of the case, and all the surroundings, such as the character of the cases in which they were performed, the time employed," &c., the court responded that all the circumstances were before the jury, and were to be considered by them; and that, in the instructions given the jury, it was only intended to charge them that, in finding the value of the services rendered, *they must not consider their judgment better than the judgment of the witnesses who had testified as to their value.*

This language seems to be a repetition in substance of the former charge which we have commented on as objectionable. Its obvious import is that the jury are to pay particular and special deference to the statements of the legal gentlemen who gave testimony as to the value of the legal services, or, in effect, to accept the *conclusions* of those gentlemen as their own. It substitutes the judgment of the witnesses for the judgment of the individual jurors; while the true theory of jury trials regards the opinion of such witnesses as *facts*, to be considered and weighed like other facts and circumstances of the case. Thus, if attorney A. testified that the services rendered were, in his judgment, worth $1,000, and attorney B. swore he considered them worth only $50, while it appeared, from other testimony, that the services required but a moderate expenditure of time and effort, we think that an unprofessional juryman should take the fact that lawyers A. and B. swore as they did, and compare that fact with the time spent and the other circumstances proved, tending to fix the value, and make up *his own* judgment.

But under the instructions given in this case, jurors would not have felt themselves at liberty, we apprehend, to do this, and consequently, in rendering their

verdict, they may be regarded as registering the opinion of the professional witnesses rather than their own.

Judgment reversed.

All the justices concurring.