[No. 754.]

CHARLES W. JONES, Administrator of the Estate of W. JESSUP, Respondent, v. R. S. GAMMANS, Appellant.

Objections to Books of Account—When New Trial should be Granted.—Where the only objection made to the books of account, when offered in evidence, was that the defendant could not testify as to the entries in his books after the death of the party charged, and where the court, in deciding the case, held that said books were improperly kept, and excluded the entries in the book, as evidence: *Held*, that inasmuch as the objection made was untenable, and the defendant never had any notice, until after his motion for a new trial had been overruled, that the evidence he had relied upon had been rejected for any other reason than because it was deemed incompetent, a new trial should be granted.

Idem.—The case must stand or fall upon the correctness or incorrectness of the ruling as it was originally made and announced, and as the book was before the court sitting as a jury, it was error in the court to treat it as not evidence.

Idem—Objections, when waived.—All objections to the competency of the book as testimony, except the one stated, were waived, and there was a virtual admission that any appearances in the book itself, affecting its competency, were susceptible of explanation.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts are stated in the opinion.

*Robert M. Clarke*, for appellant.

I. At common law, and before the statute made parties to the action competent witness in their own behalf, a party was competent to prove his books of original entry. (*Starkie on Ev.*, 9 Ed. 129, and note 1; 8 Watts, 77; 14 Cal. 573–74.) This rule is in no sense changed by the statute. The statute does not restrict, but extends the rule and enlarges the cases in which parties may testify. (Comp. Laws, sec. 1437–1440; *Keech* v. *Cowles, admr.*, 34 Iowa, 259–261.)

II. The court erred in excluding the book for objections which were not suggested by the plaintiff, in refusing the book for the reason that it appeared to have been improperly kept. The defendant was entitled to have the objections to the competency of the evidence clearly stated at the time, that he might remove them by proper explanations. He could have explained the erasures, etc. (1 Smith's Lead. Cases, pp. 525, 532; 8 Metcalf, 270; *Sharon* v. *Minnock*, 6 Nev. 377, 382–83.)

*W. M. Boardman and Haydon & Cain*, for respondent.

I. The court will not grant a new trial on the ground of insufficiency of evidence to justify the decision and judgment of the court, because the statement does not purport to contain all the evidence in the cause. (*Libby* v. *Dalton*, 9 Nev. 23; *Sherwood* v. *Sissar*, 5 Nev. 349.)

II. We deny the proposition that the book of account, being admitted for the consideration of the jury or a court sitting as a jury, was conclusive evidence, and that the court was under the obligation to place full and entire reliance on its entries.

The judge or jury must draw their own conclusions from an inspection of the book, the fairness or unfairness of the book from its appearance, the time and manner of making the entries, whether any, and what evidence has been given

to corroborate the charges; all these are proper subjects for the due consideration of the judge or jury. (*Cowen's Treatise*, 2 vol. 1435; *Caldwell* v. *McDermot*, 17 Cal. 465; 1 Smith's Lead. Cases, 528–532.) And when the party, whose estate is sought to be charged by a book of accounts is "dead," extreme caution should be used and exercised by a court in determining its weight and its credibility, and other evidence in corroboration of the charges, should in such cases be given as far as possible. (*Lloyd* v. *Lloyd*, 1 Redfield, 399.)

III. Whether before the court by the consent of plaintiff, or upon a good foundation being laid for its introduction as evidence, it was still only *prima facie* evidence, to be entirely rejected, if the court found sufficient cause therefor. It is not claimed by appellant that the court erred for want of cause in rejecting the book, but that the court erred in rejecting it under any and all circumstances, showing that it was not entitled to credit, "because plaintiff did not make that objection," but relied upon another objection. We hold that although our reason for asking its rejection was wrong, yet, if it was properly rejected by the court, it is immaterial for what reason.

IV. The entries referred to were offered in evidence to prove "payments" by defendant to deceased in his lifetime, and were not admissible for that purpose. (*Irvine* v. *Wortendyke*, 2 E. D. Smith, 374.)

By the Court, BEATTY, J.:

In this case, plaintiff sues to recover a sum of about twenty-five hundred dollars, claimed to have been due to his intestate for services rendered, goods sold, money loaned, etc. Defendant, by his answer, admits an original indebtedness of about seventeen hundred dollars, but pleads a number of counter-claims, and demands judgment for a balance which he claims to be due to himself.

On the trial, which was by the court, plaintiff failed to prove any indebtedness beyond that admitted in the answer. The defendant, upon his part, proved by the testimony of disinterested witnesses, items of his account against the de-

ceased, amounting to about eight hundred and forty dollars. To prove the other charges, which were for cash payments to deceased, and to third parties for him, board, washing, nursing, ranching stock, etc., aggregating upwards of a thousand dollars, the defendant offered in evidence a book of accounts, which he testified was a book of original entries, kept by himself, containing a particular account of all his business transactions.

The only objection made by the plaintiff to the admission of this book in evidence was "on the ground that the book was excluded under our statute, that the defendant could not testify as to his books of original entries after the death of the party charged. That it was, in effect, permitting defendant to testify to matters which had occurred between deceased and defendant preceding the death and in the lifetime of the deceased."

Upon this objection the court reserved its decision, which was not announced until the findings were filed, in which it was incorporated as follows: "XI. That the book of defendant, purporting to contain the accounts between the deceased and this defendant, is improperly kept, and that it appears from the inspection of the said book itself, that it is not a proper book to be admitted in evidence as showing the state of the accounts between the said W. Jessup, deceased, and this defendant, and for that reason ought to be excluded, and the entries therein are not evidence in this cause."

This, although included among the findings of fact, cannot be regarded in any other light than as the ruling of the court upon the point reserved for its decision; and it shows clearly that the court excluded the evidence on the ground of incompetence. If this was an error, it falls under the head of "errors in law occurring at the trial," and, as the defendant, in his motion for a new trial, took the earliest opportunity of objecting to it, he must be deemed to have excepted to the ruling when it was made. That the ruling was prejudicial to the defendant, if erroneous, cannot be doubted, for the result of it was that he received no credit for any charge supported by the evidence of the book alone, and the plaintiff had judgment for a balance of seven hun-

dred and fifty-nine dollars. The defendant appeals from the judgment and the order overruling his motion for a new trial, which was based, among other grounds, upon error of the court in excluding his book of accounts. As that point is, in our opinion, decisive of the case, it is the only one which we will consider.

The respondent concedes that the objection which was made to the admission of the book in evidence, was untenable, but he seeks to sustain the judgment and order appealed from, upon the ground indicated by the district judge in his order overruling the motion for a new trial; that is to say, upon the ground that the book of accounts bore such evidences of fraud upon its face as to be totally unworthy of credit. His argument seems to be this: that although it may have been error to exclude the book upon the ground of incompetency, the error was not prejudicial to the defendant, because, if the judge, upon inspection of the book, concluded that it was incompetent evidence on account of its fraudulent appearance, he must necessarily, acting as a jury, have rejected it as totally incredible, and that, in fact, he did reject it for that reason, as is shown by his order denying the motion for a new trial.

It is no doubt true that appearances of fraud on the face of an account book affect its credibility no less than its competency, and if this book had been weighed and considered as evidence and then denied any credit on account of such appearances, and the defendant informed of the ground of its rejection before his motion for a new trial, he might have had no ground of complaint. We have not examined the original book, although by agreement of the parties it is to be treated as a part of the record in this court, and produced for inspection if desired. It may be in the eyes of a jury *felo de se.* But even if that is so, the answer to respondent's argument is that appellant's motion for a new trial was addressed to the case as it then stood, and as it then stood, it appeared that the court had rejected the account book as incompetent, and had refused to treat it as evidence in the case. The proper ground of his motion was, therefore, an allegation of error of law, whereas,

if the book had been treated as evidence, but discredited, he might have moved upon some other ground, which would have given him an opportunity of explaining its apparent discrepancies. The terms of the ruling of the court below do not indicate that the book was rejected on account of fraudulent appearances, and it would be more readily inferred from the expressions "improperly kept" and "not a proper book," that the fault found with it was that it was kept like a ledger, for instance, instead of a book of original entries. The defendant, therefore, never had any notice, actual or inferential, until after his motion for a new trial had been overruled, that the evidence he relied on had been rejected for any other reason than because it was deemed incompetent; and it would be most unjust to him to sustain the order of the district court on the ground now relied upon. It must stand or fall upon the correctness or incorrectness of the ruling as it was originally made and announced, and as to that question, the whole ground seems to be covered by the admission, in his argument, by counsel for respondent, that "the book was before the court sitting as a jury, by *consent of plaintiff.*" If it was evidence before the court by consent of plaintiff, it was certainly error in the court to treat it as not evidence. (*Sherwood* v. *Sissa*, 5 Nev. 354–5.) In the case just cited, the point determined was very similar to that presented in this case. The questions whether, independent of our statute permitting parties to be witnesses in their own behalf, books of account are admissible as evidence in favor of the party who has kept them, and, if so, to what extent, were not decided; but it was held that being admitted without objection they become evidence, and are to be weighed and taken for what they are worth. The decision in that case covers this, and it is perhaps unnecessary to go further. It may be added, however, that the respondent concedes that the strongest authority supports this rule: That books of original entry, on proper foundation being laid by the oath of the party who has kept them, are, independent of our statute, competent evidence to prove, *prima facie,* services rendered and goods delivered and their values. But he

denies that they are competent to prove cash payments either to the party charged, or to third persons on his account; and he says many of the charges in the defendant's book were for such payments. We do not decide these questions, as they are not presented by the case before us. Even according to the rule above stated, the charges in the book for board and washing and nursing and stock-ranching were competent evidence; and if received and credited, would have largely reduced the judgment.

Our decision, however, goes upon the ground that all objections to the competency of the testimony, except the one stated, were waived (*Sharon* v. *Minnock*, 6 Nev. 382), and there was a virtual admission that any appearances in the book itself, affecting its competency, were susceptible of explanation. (1 Smith's L. C., 525–532; 8 Metcalfe, 270.)

The judgment and order appealed from are reversed and cause remanded.