CLINTON WEST, Respondent, *v.* BENJAMIN S. VAN TUYL et al., as Executors, etc., Appellants.

Upon the trial of an action to recover for services of plaintiff under a contract between him and V. T., defendant's testator, a book was offered in evidence, on the part of the plaintiff, which contained an account of work done for V. T. and others. There was oral testimony showing that it was correctly kept and had been recognized by V. T. in his settlements with other persons as accurate. The evidence was received under objection and exception. *Held,* no error.

In the absence of an exception to a finding of fact by a referee, or of a request to find differently, the finding is not reviewable here.

The rulings of a trial judge will be presumed to be correct until the contrary is shown, and an objection thereto will not, as a general rule, be entitled to consideration in an appellate court when no ground of error is suggested; the court is not required to search for grounds on which to differ from the court below.

(Argued December 19, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday in June, 1888, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover from Thomas Van Tuyl, the original defendant, the present defendant's testator, for plaintiff's services alleged to have been rendered under a contract in writing.

It was claimed by the appellant that a certain finding of fact by the referee was "unsupported by evidence of any kind."

The court say: "An answer to this proposition is found in the fact that no exception was taken to the finding, nor any request made to find differently. For aught that appears, it was acquiesced in or conceded to be true."

The following extract from the opinion presents the further points:

"Six other points consist of simple assertions that this or that question, calling for evidence and found on certain pages of the record, was improperly allowed to be answered. In this respect no ground of error has been suggested, either in the points or on oral argument, nor is any sufficient reason given for the claim made. An objection so stated is rarely, if

ever, entitled to consideration in an appellate court. On the contrary, a verdict, or a report of a referee, and the rulings of a trial judge will be presumed to be correct until the contrary is shown. It would be not only unreasonable, but unjust, to regard them in any other manner. Nor can we be required to search for grounds on which to differ from the court below.

"The only point which presents a question of law is that relating to the admission in evidence of a certain book called 'Exhibit M.' It contained an account of the work done, not only for the defendant, but for other parties. There was testimony tending to show that the book was correctly kept, and, indeed, to have been recognized by the defendant in his settlements with other persons, as accurate. It was competent as evidence, and, supplemented as it was in many respects by oral testimony, was admissible and entitled to such weight as, in view of all the circumstances, the referee thought proper to give to it. The General Term have also considered this question, and, in the conclusion reached by the learned judge who delivered its opinion, we concur.

"The remaining point relates to the allowance by the referee for services rendered by the plaintiff's hired men and teams. There is evidence which warrants it, but as no exception was taken, nor request made to find differently, it need not be discussed."

*Jay K. Smith* for appellant.

*William H. Nichols* for respondent.

*Per Curiam mem.* for affirmance.
All concur.
Judgment affirmed.