# Sullivan et al. *v.* Supreme Council of the Catholic Mutual Benefit Association, Appellant.

*Beneficial associations—Death benefits—Good standing of member—Burden of proof—Evidence—Case for jury.*

1. In an action against a beneficial association to recover death benefits, the burden of showing that deceased was not a member in good standing at the time of his death, rests on the defendant.

2. In such a case a judgment on a verdict for plaintiff will be sustained, where the defense is that the deceased died in September without having paid his dues for August, and the evidence is that the secretary, who was dead at the time of the trial, was in the habit of receiving dues both at the place of his employment and at meetings, and of entering them up afterwards; that in September the books showed a payment by deceased; that the secretary in his report for August gave a list of members not in good standing, in which the name of the deceased was not included although no entry of payment for August appeared in deceased's pass book.

Argued October 15, 1919. Appeal, No. 69, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., April T., 1917, No. 1418, on verdict for plaintiffs in case of Catherine Sullivan, Margaret O'Dwyer, Jane O'Dwyer and Ella Marie O'Dwyer, children of Michael O'Dwyer, deceased, v. Supreme Council of the Catholic Mutual Benefit Association. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit to recover death benefits. Before CAR-PENTER, J.

Verdict and judgment for plaintiffs for $2,370.35. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*William J. Brennen,* with him *Edward A. Kraus, Jr.,* for appellant.

*Denis E. Behen,* for appellees.—Where the society pleads the failure to pay dues and assessments, the burden is on it to prove such failure: Crumpton v. Pgh. Council, Jr. O. U. A. M., 1 Pa. Superior Ct. 613; James v. Fraternity of Home Prot., 54 Pa. Superior Ct. 375.

OPINION BY MR. JUSTICE FRAZER, January 5, 1920:

This action, by the children of a deceased member of defendant beneficial association is to recover death benefits. The defense set up is that, by reason of having failed to pay dues for the month preceding that in which he died, deceased was not a member of the association in good standing at the time of his death. The court below submitted to the jury the question whether the dues for that month, August, were in fact paid, instructing them that the burden was on defendant to prove deceased was not entitled to receive benefits at the time of his death. The jury returned a verdict for plaintiffs on which judgment was entered and from which defendant appealed.

On September 16, 1915, deceased visited his daughter and placed in her hands sufficient money to pay his dues in defendant association. While returning home from his daughter's house he met with accidental death by drowning and, on the following day, the daughter, before having heard of her father's death, paid the monthly beneficiary assessment to the secretary of the associa-

tion. A clause in the by-laws of the association relating to the payment of dues, provides that "On the first day of each month, each member owes the beneficiary payment for that month, and same is then due and payable to the financial secretary of his branch......If the said beneficiary payment is not paid during the month or on or before the last day of said month the member is hereby declared to be suspended from all the rights of the association, and no officer of his branch shall under any circumstances receive the beneficiary money or dues of such suspended member except in an open meeting of the branch and if a member die while suspended he shall not be entitled to participate in the beneficiary fund." Under this by-law failure to pay dues on or before the end of the current month operates as a suspension of the member without action on the part of the association; consequently, if the dues of plaintiffs' father for the month of August were not paid within the time specified, he was no longer a member in good standing and the acceptance of a payment by the secretary after that time, either for the month of August or for the month of September, would not operate to reinstate deceased in absence of formal compliance with the provision of the by-laws. If the payment of September 18th be treated as a payment for the current month, such payment would not operate as a reinstatement of deceased if the dues for the previous month had, in fact, not been paid within the time fixed by the by-laws. Likewise, if the September payment were intended as payment for the month of August it could not act as a reinstatement of deceased, owing to his failure to comply with the requirements of the by-laws. Accordingly, the right of plaintiffs to recover must depend upon whether the dues for the month of August were, in fact, paid on or before the end of that month.

The court below was correct in charging the burden of showing deceased was not a member in good standing, at the time of his death, rested on defendant: Crumpton's

Exrs. v. Pittsburgh Council, 1 Pa. Superior Ct. 613; 29 Cyc. 246; hence, we need only consider whether the evidence of nonpayment was sufficiently clear to justify the court in giving binding instructions to that effect. The secretary who held office at the time of Michael O'Dwyer's death subsequently died, which leaves us without the benefit of the testimony of the two principal parties to the transaction. There is evidence, however, that payment of dues by members were frequently made to the secretary at his place of employment, as well as at the meeting hall on nights on which meetings of the association were held and that such payments were entered in the books of the association at a later convenient time. No entry of payment for August appears in the pass book of deceased. The secretary's daybook, however, shows a payment made under date of September 12th or September 22d, there being a doubt as to the exact figures, and it also appears that the secretary in making his report for the month of August gave a list of members in good standing and those who were not, the name of deceased not being among the latter. If the payment was entered in the daybook on September 12th, the jury may have concluded it to be the August assessment and not entered by the secretary until that time. This view is strengthened by the fact that deceased was not reported in arrears for the month of August. The defendant being unable to offer direct proof of nonpayment for that month, consequently the inferences to be drawn from the evidence were clearly for the jury.

The judgment is affirmed.