## W. C. CARDEN v. SONS AND DAUGHTERS OF LIBERTY.

(Filed 31 March, 1920.)

**1. Insurance, Life—Arrears in Dues—Notice—Forfeiture—Matters of Defense—Evidence—Nonsuit—Trials.**

　　Where the insurer admits in an action on a life insurance policy, its liability, unless, as it contends, the insured was not in good standing

for failure to pay the last assessment before her death, and it was contended by the plaintiff that this would not work a forfeiture because of the failure of the defendant in its duty to give notice of arrears in dues, *Held*, the matters to avoid liability were for the defendant to prove, and any negligence in failing to give the required notice by the officers of the company being negligence of the defendant, a motion as of nonsuit upon evidence of this character was properly denied.

**2. Evidence—Mail—Presumptions—Rebuttal—Questions for Jury—Trials.**

Where notice to the insured of arrears in dues is necessary to work a forfeiture of a policy of life insurance the mailing of such notice properly addressed is presumptive evidence of its delivery, but it is for the jury to determine, upon the evidence, whether this presumption has been rebutted.

APPEAL by defendant from *Stacy, J.,* at September Term, 1919, of DURHAM.

The plaintiff's wife had been a member of the defendant, a fraternal organization, for more than 8 years, paying her dues for said period. Upon her death the plaintiff brought this action for $300 benefits under her contract with said organization. The defendant admits that the plaintiff's wife was a member of said organization at her death, but alleges that she was in arrears in the sum of $2.50 for nonpayment of assessments, and therefore was not "in good standing" and not entitled to recover. The court submitted issues to the jury, who found that the plaintiff's intestate, Nettie Carden, was a member in good standing of Branson Council, No. 9, at the time of her death, and that defendant was indebted to the plaintiff in the sum of $297.50. From judgment thereon the defendant appealed.

*J. W. Barbee and R. O. Everett for plaintiff.*
*D. W. Sorrell and Bryant & Brogden for defendant.*

CLARK, C. J. The defendant admitted that if Nettie Carden, the plaintiff's wife, was a member of the defendant organization in good standing at the time of her death it would be liable in the sum of $300, but contended that she was in bad standing at the date of her death because she owed $2.50 dues at the date of her death. The plaintiff contended that though she owed the defendant $2.50 at her death, this would not work a forfeiture for the reason that she had never been notified of her arrears by the defendant, as it was its duty to do.

The refusal of the motion to nonsuit requires no discussion, for this was a matter of defense, and the burden was upon the defendant. *Spruill v. Ins. Co.,* 120 N. C., 141, and citations thereto in Anno. Ed.; Rev., p. 400.

Whether Nettie Carden received the notice, either in person or by an agent, was entirely a question of fact for the jury, who found in favor of the plaintiff, and it is not for this Court to review the evidence. The by-laws required the notice of assessments to be sent members by the lodge officers. It must be shown that this requirement was complied with and the member did not lose her good standing unless this was done. If the failure to send such notice was the negligence of the local agent or financial secretary, such default did not fall upon the member, and while the amount which the jury found to be thus due ($2.50) still remained a debt to be discharged by the member, which the jury has allowed as a credit on the $300, it did not place her out of the position of being in good standing. *Doggett v. Golden Cross,* 126 N. C., 486; *Duffy v. Ins. Co.,* 142 N. C., 106; *Lyons v. Grand Lodge,* 172 N. C., 410.

The financial secretary of the lodge, witness for the defendant, testified that it was his duty "to notify each member who was in arrears of the amount due." He testified that Mrs. Carden was paid in full up to 1 July, and that the only notice he sent her after that date in writing was sent by his little daughter on 14 October to be mailed at the mail box in East Durham, where she lived, but, on cross-examination, he said that he knew at the time that she and her husband were both ill with the "flu," and in the hospital at West Durham, three miles distant. He also says that he had a conversation with the husband on 31 August in regard to an arrearage. It is admitted that Mrs. Carden died on 16 October, two days after the alleged mailing of the notice, and the plaintiff testified that she did not receive that notice. He further testified that the notice to him personally on 31 August was about another arrearage, which he communicated to his wife, and that she paid it promptly on 2 September. It appeared that there were other arrearages at times previous to 1 July, but that all these had been paid. The judge charged the jury that if the notice was mailed there was a presumption of delivery, and that if the wife received it the plaintiff could not recover.

The deposit of the notice in the mail, if made, is *prima facie* evidence of the receipt thereof by the sendee, but the jury, upon the evidence, evidently found that this was rebutted in this case. This action was brought by the plaintiff as beneficiary in the contract.

No error.