# Mabel A. Little, Guardian of Robert A. Little and Helen M. Little, minors, Appellee, v. Illinois Bankers Life Association of Monmouth, Illinois, Appellant.

1. INSURANCE—*when prima facie case is made out in action on policy.* In an action upon a life insurance policy by the guardian of minor beneficiaries, a prima facie case was made out by introducing the policy in evidence with proof of death, payment of premiums, that the beneficiaries were minors and that plaintiff was their guardian.

2. INSURANCE—*burden to prove insured executed application for reinstatement.* The defendant, in an action on a life insurance policy, who pleads that the insured executed a purported application for reinstatement containing false statements, has the burden of proving execution by the insured, which is denied by a replication.

3. INSURANCE—*sufficiency of evidence to prove insured executed application for reinstatement.* Evidence by a witness for a life insurance company that a purported application by the insured for reinstatement containing false statements was part of the files of the company and had been received through the mails, with no evidence as to who executed it or who sent it, does not sustain the burden of the company to prove execution by the insured.

4. APPEAL AND ERROR—*right to urge matters not proven.* A life insurance company which has not met its burden to prove that the insured executed a purported application for reinstatement cannot urge on appeal that it had been deceived by false answers contained therein.

5. INSURANCE—*forfeiture of policies not favored.* Forfeiture of life insurance policies is not favored in law.

6. INSURANCE—*forfeiture of policy for nonpayment of premium.* A forfeiture of a life insurance policy for nonpayment of premiums will not be enforced unless the circumstances show a clear intention to claim a forfeiture for such reason, especially where the payment of the premium is delayed for 10 days after the grace period through the fault of the company and on account of its failure to give notice to the insured of the premium clause required by the policy.

7. INSURANCE—*burden to prove forfeiture of policy for nonpayment of premium.* A life insurance company has the burden to prove forfeiture of a policy for nonpayment of premiums, under its plea to that effect and plaintiff's replication that the company failed to comply with a provision of the company to give notice that a premium was due.

8. INSURANCE—*judgment for interest.* Under Cahill's St. ch. 74, ¶ 2, in an action on a life insurance policy, it is proper to enter a judgment for plaintiff to include interest at the rate of 5 per centum per annum upon the amount of the verdict.

9. INTEREST—*when begins to run on life insurance claim.* A verdict for plaintiff in an action on a life insurance policy properly includes interest on the amount of the policy from the date of furnishing proof of death.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the October term, 1927. Affirmed. Opinion filed January 20, 1928.

PHILIP G. LISTEMAN, for appellant.

BEASLEY & ZULLEY, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

Mabel A. Little, guardian of Robert A. Little and Helen M. Little, minors, filed her suit in assumpsit in the city court of East St. Louis against the Illinois Bankers Life Association of Monmouth, Illinois, appellant, to recover an amount claimed to be due them as beneficiaries under a life insurance policy issued by the appellant on the life of the said minors' father. Trial by jury was had. Verdict rendered for the plaintiff in the sum of $4,000, with interest thereon at the rate of 5 per cent per annum from the date of alleged furnishing of proof of death, June 3, 1926.

The plaintiff's declaration consisted of one count alleging in substance that the appellant association was engaged in the life insurance business in this State; that in consideration of certain premiums paid, executed and delivered to Robert M. Little, since deceased, its life insurance policy, and thereby promised in the event of his (Robert M. Little's) death, to pay the sum of $4,000 to his son, Robert A. Little, and his daughter, Helen M. Little, minors and wards of the appellee herein.

The life insurance policy was set out *in haec verba* in said declaration. The defendant filed two pleas. The first plea of appellant, and appellee's replication thereto, are omitted from the abstract of the record.

The appellant's second plea in substance alleges that the policy of insurance set forth in the declaration was not in full force and effect at the time of the death of the said Robert M. Little; that before that time the policy had elapsed and become wholly void; that Robert M. Little failed and neglected to make payment of the premiums required during the month of January, 1926; that after said date said policy became forfeited and void; that the said Robert M. Little expressed a desire to become reinstated, and that this appellant at his request furnished Little a certain form of application for reinstatement containing numbered questions, each with blank spaces provided for answers thereto, said questions and answers pertaining to the present condition of health of said Robert M. Little, of the sicknesses, ailments and accidents sustained since date of application for policy, of date and severity of accident, if any; for the names and addresses of the physicians whom he had consulted, or who had prescribed for him since date of application of said policy, for the dates and nature of the ailments, if any.

The plea further avers that the said Robert M. Little made false and fraudulent answers to said questions stating that he had no accident, was in good health, no physicians treating him, when in truth and in fact the said Robert M. Little had, on November 1, 1925, been in an automobile accident in which he suffered and sustained severe injuries, and had been suffering from such injuries from that time up until the date of his death; that said injuries which were sustained at the time of such accident was the cause of his death; that said false and fraudulent representation was made for the sole purpose of defrauding the defendant insurance company.

It is further averred that the agent of the company, Mr. Mudd, knew that the statements made by Robert M. Little were false at the time the statements were

so made, and that the said Robert M. Little and Mr. Mudd conspired together for the purpose of defrauding the defendant insurance company.

The plea further avers that one of the provisions of said policy is: "It is agreed that the said policy shall not be restored until this application be approved by the medical directors of the company. Should any statement or answer to the questions warranted prove to be fraudulent and untrue then the reinstatement of policy, if granted on this application, shall be void and of no effect, notwithstanding the non-contestable provision contained herein, the benefit of which in such case is waived and said policy shall not be continued in force by virtue of such reinstatement or by payment of any premium or premiums thereunder subsequent to the date of such default."

To this plea the appellee filed a verified replication denying the instrument was ever executed by the said Dr. Robert M. Little as alleged in defendant's plea, but stated that at the time said instrument was executed the said Dr. Robert M. Little was physically unable to answer questions or sign his name to said instrument; that he was paralyzed and could not use a pen; that the wife of said Dr. Little, whose name appears to said instrument, signed her name as a witness to the same before it was executed; that the appellant's agent Mudd, who had in his possession the said instrument, told the said Dr. Robert M. Little and Mrs. Little that he would take the instrument and fill it out and that Dr. Robert M. Little had been reinstated and his insurance was good; that he wanted the doctor reinstated so that he could vote his policy at the next meeting of the company so as to retain the officers that were now in control of the company.

In addition to the above the appellee filed replications to the special pleas.

One replication stated that the policy of insurance had never been forfeited because said policy of insur-

ance was in full force and effect at the time of the death of said Robert M. Little, because the terms of the policy provided: "The Association shall give notice of any premium due by depositing in the post-office at Monmouth, Illinois, addressed to the known post-office address of the policy holder," etc. That the appellant association failed to comply with the foregoing provision of the policy of insurance, and failed to give any notice to Dr. Robert M. Little of the January, 1926, premium when the same became due and payable, and avers that the defendant knew that the said Robert M. Little had sustained an injury on November 1, 1925, and that on December 20, 1925, he became totally and permanently incapacitated from performing any duties whatever; that during the months of January and February, 1926, he was stricken with paralysis of his hands and limbs and confined to his bed all of the time, which said sickness and disability of said insured, Dr. Robert M. Little, at the time was well known to the appellant. And that afterwards on the 10th day of February, 1926, with the knowledge of the disability and sickness aforesaid, it knew that the said premium had not been paid, and knew that notice had not been given to said Robert M. Little, the appellant accepted the premium from said Robert M. Little, and then through its agents prepared a purported statement referred to in said special plea.

The defendant company filed a rejoinder to these pleas and the case went to trial with judgment for the plaintiff in the sum of $4,000, together with interest at 5 per cent, a total of $4,216.50.

The appellee made out her prima facie case by introducing in evidence the policy of insurance as set out in her declaration, which was admitted without objection. She proved the payment of the premiums and that the beneficiaries were Robert A. Little and Helen M. Little, children of Robert M. Little, the insured; her guardianship and proof of death; the blanks fur-

nished by Mr. Mudd, agent and district manager of the appellant.

The defendant called only one witness, a Mr. Work, who identified the purported application for reinstatement, which was marked "Exhibit One" which the defendant claims is the false and fraudulent statement of Dr. Robert M. Little, on which the policy of insurance was reinstated.

The appellant's defense is based on the alleged fraudulent answers in the purported application for reinstatement, the execution of which was denied by appellee's verified replication in accordance with section 52 of the Practice Act, Cahill's St. ch. 110, ¶ 52.

The replication put in issue the execution of this instrument and the burden of proof would be on the appellant to prove that this instrument was executed by the insured, Robert M. Little. The replication also charges that the agent of the company, Mr. Mudd, knew that the said Robert M. Little, at the time this instrument was purported to have been made, was sick, and was suffering from injuries that he had sustained in November a year previous, and that the agent Mudd had made out this instrument with full knowledge of the facts and had forwarded same to the defendant company.

The evidence does not show who executed this instrument. Mr. Work, being the only one who testified, stated it was a part of the files of the company and had been received through the mails. Who executed it or sent it to him he did not know. The record is silent as to who executed it. It being a matter in issue with the burden of proof on the appellant to prove (*Monahan v. Metropolitan Life Ins. Co.*, 207 Ill. App. 200), it cannot now complain that the answers contained therein are false and fraudulent, and has been deceived thereby.

The evidence shows the insured never made the answers supposed to have been made by him, and there

is no evidence that he ever authorized anyone else to make such answer for him. In fact there is no proof in the record that the insured knew anything about the supposed answers or that he ever saw the purported application for reinstatement.

The plaintiff's replication to the defendant's plea put in issue whether or not the association had given notice to said Robert M. Little of the premium that was due in January, 1926, as provided in the policy of insurance; the defendant claimed that it was not bound to prove that notice was given, but that it was a matter that plaintiff should prove that they did not give notice.

Forfeiture of life insurance policies is not favored in law, and unless the circumstances show a clear intention to claim a forfeiture for nonpayment of the premium, such forfeiture will not be enforced. This is especially so where the payment of premium is delayed for 10 days after the grace period through the fault of the insurance company and on account of its failure to give notice to the insured of the premium clause required by the policy. (*Baxter v. Metropolitan Life Ins. Co.*, 318 Ill. 369, 372; *Freise v. Metropolitan Life Ins. Co.*, 206 Ill. App. 404.)

We think under the pleadings in this case the burden of proof that there had been a forfeiture of this insurance policy was on the defendant.

There was no attempt made to show that there ever had been any notice given to the insured, Robert M. Little, that there was a premium due, or what the amount of the premium was; nor was there any evidence at all aside from the mere introduction of the purported statement of said Robert M. Little that he had ever made application for reinstatement in the company; but the evidence does show that the company accepted the premium on February 10, 1926, and another premium after that and treated the policy as in full force and effect.

The appellant assigned as error that it was error for the trial court to allow interest on the judgment. We think the authorities fully sustain the trial court in allowing interest upon the judgment. The statute provides: "Creditors shall be allowed to receive at the rate of five (5) per cent per annum for all moneys after they become due, on any bond, bill, promissory note or other instrument of writing." Cahill's St. ch. 74, ¶ 2. An insurance policy comes within this provision of the statute, and was so held in the case of *Massachusetts Mut. Life Ins. Co. v. Robinson,* 98 Ill. 324; *Grand Lodge Brotherhood of Locomotive Firemen v. Orrell,* 206 Ill. 208.

The jury by their verdict allowed 5 per cent interest on $4,000 from date of furnishing proof of death, which was June 3, 1926. The trial court properly entered judgment for interest at the rate of 5 per centum per annum upon the amount as found by the jury.

The burden of proof being upon the defendant to show that there had been a forfeiture of this insurance policy, and the evidence failing to show that there had been a forfeiture, the judgment of the trial court is affirmed.

*Affirmed.*