WILSON *v.* PRUDENTIAL INS. CO. OF AMERICA.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—INSURANCE.

In beneficiaries' action on life insurance policy, question as to whether pleadings authorized deduction of loan from recovery of face amount, which was not raised in trial court nor discussed in briefs on appeal is not considered but allowance of deduction in judgment is approved where loan to insured, a minor, on policy running to parents as beneficiaries is valid under statute (3 Comp. Laws 1929, § 12454).

2. INSURANCE—INFANTS—AUTOMATIC EXTENDED INSURANCE—LOANS.

Loan to insured minor on life insurance poliçy *held*, valid and subject to consideration in computing period of automatic extended insurance notwithstanding disaffirmance of loan by parent beneficiaries upon death of insured 17 days after his coming of age (3 Comp. Laws 1929, § 12454).

3. SAME—INSTRUCTIONS—EVIDENCE—PRESUMPTION OF PAYMENT OF PREMIUMS.

Instruction that upon introduction of life insurance policy and submission of proper proofs of death of insured, presumption arose that all premiums had been paid and that policy had not lapsed *held*, proper.

4. SAME—PRESUMPTION OF PAYMENT REBUTTABLE—BURDEN OF PROOF.

Presumption that premiums on life insurance policy have been paid, arising upon introduction of policy and proof of death of insured, disappears upon submission of evidence to the contrary by insurer but it then has burden of establishing nonpayment whether it be a fraternal or nonfraternal company.

5. SAME—WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—ORIGINAL RECORDS.

In action by beneficiaries under life insurance policy against insurer which sought to show condition of insured's account with the company by its original records, their exclusion from jury's consideration on ground that it was matter equally within knowledge of deceased *held*, reversible error, where insurer's clerk testified she made the entries on a separate card for each policyholder in the ordinary course of business (3 Comp. Laws 1929, § 14219).

6. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—BOOKS OF ACCOUNT.

Books of account, properly presented, are admissible for whatever evidentiary force they may have in order to establish a claim against a deceased person despite statute prohibiting testimony as to matters equally within knowledge of deceased (3 Comp. Laws 1929, § 14219).

7. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—CONSTRUCTION OF STATUTE.

Statute prohibiting testimony equally within knowledge of deceased should not be extended beyond its original meaning, nor should its scope be so widened as to bring about an absurd result (3 Comp. Laws 1929, § 14219).

Appeal from Wayne; Toms (Robert M.), J. Submitted January 21, 1936. (Docket No. 60, Calendar No. 38,561.) Decided June 16, 1936.

Assumpsit by Charles Wilson and wife against Prudential Insurance Company of America, a New Jersey corporation, on a life insurance policy. Verdict and judgment for plaintiffs. Defendant appeals. Plaintiffs cross-appeal. Reversed with new trial.

*Albert Summer,* for plaintiffs.

*Emmons, Oren, Sleeper & Krise (Donald McGaffey,* of counsel), for defendant.

BUTZEL, J. On October 22, 1926, defendant issued to Frederick J. Wilson, then 16 years of age, a 30-year $2,000 endowment policy in which plaintiffs were named as beneficiaries. Subsequently, on April 22, 1929, in consideration of an extra premium and by an appropriate rider, defendant agreed to pay an additional sum of $2,000, double indemnity, in case the insured met death by accident, this double indemnity rider to become null and void should the nonforfeiture privileges of the policy become operative. The policy provided in one of the nonforfeiture clauses that where the policy lapsed for nonpayment of premiums the insurance should be automatically extended for a period reflected by the cash surrender value of the policy. It is conceded that the quarterly premiums up to and including that due on October 22, 1929, were paid. On December 6, 1929, the insured borrowed $100 from defendant upon the sole security of the policy. He died as a result of an accident on May 9, 1931. Defendant based its refusal to pay the loss on the ground that

the policy was null and void through a lapse of the policy owing to the failure to pay the quarterly premiums due after October 22, 1929. Plaintiffs brought suit and in their declaration, as modified by their reply, claimed the original amount of the policy, plus the additional $2,000, together with interest on such sums, less the amount borrowed by the insured from the defendant, plus interest. The sole question presented to the jury was:

"Were all premiums which became due prior to the death of Frederick Wilson, the insured, paid to the insurance company?"

The answer was in the affirmative. Thereupon, the trial judge entered a judgment for the full amount of the policy and for double indemnity, together with interest, less the amount due on the loan and interest thereon.

Plaintiffs on cross-appeal, in claiming that the amount of the loan should not have been deducted in the rendition of the judgment, contend that, as insured was a minor when he made the loan, the loan was voidable and was disaffirmed by plaintiffs after insured's death which occurred 17 days after he became of age. We will not discuss the question raised by the fact that plaintiffs' pleadings authorized the deduction of the $100 loan from plaintiffs' recovery, as this question was not raised in the lower court nor discussed in the briefs. We affirm the trial court's action, however, on the ground that the loan was valid and binding under 3 Comp. Laws 1929, § 12454, which provides:

"All contracts for * * * insurance made by any person between the ages of 16 and 21 years for the benefit of * * * his father, mother, * * * or for the surrender of such insurance, or for the discharge of any money payable or benefit accruing there-

under, shall be \* \* \* of the same force and effect as though said minor had attained his majority at the time of making such contract: Provided, That this section shall not have the effect of making a promissory note or other evidence of indebtedness given by such minor in payment of premium or premiums on such contracts for insurance valid, either in the hands of the original owner or subsequent purchaser thereof.''

The note given by the insured was not for the payment of a premium. The loan was made in accordance with provisions for such in the contract of insurance wherein it was provided that any indebtedness to the company should be deducted from the amount otherwise payable by the company, that in computing the period of extended insurance the amount of the loan must be considered and deduction made. The loan and the attendant contractual obligations were binding by virtue of section 12454, and the trial court was correct in deducting it.

The jury was properly instructed that upon the introduction of the policy and the submission of proper proofs of death of the insured, a presumption arose that all premiums had been paid and that the policy had not lapsed. *Rousseau* v. *Brotherhood of American Yeomen,* 186 Mich. 101. Upon submission of evidence to the contrary by the insurer, the presumption in favor of the insured disappears, but the burden is on the insurer to establish the non-payment of premiums. *Watts* v. *Metropolitan Life Ins. Co.,* 211 Ala. 404 (100 South. 812); *Pilot Life Ins. Co.* v. *Hawkins,* 222 Ala. 218 (131 South. 889); *Sovereign Camp, Woodmen of the World* v. *Madrigal,* 40 Ariz. 396 (12 Pac. [2d] 615); *Little* v. *Illinois Bankers Life Ass'n,* 247 Ill. App. 547; *Ragan* v. *Provident Life & Accident Ins. Co.,* 209 Iowa, 1075 (229 N. W. 702); *Equitable Life Assurance Society*

v. *Campbell*, 85 Ind. App. 450 (150 N. E. 31, super-
seding 148 N. E. 505); *Smith* v. *Ohio Millers Mu-
tual Fire Ins. Co.*, 330 Mo. 236 (49 S. W. [2d] 42);
*Medling* v. *Abraham Lincoln Life Ins. Co.*, 225 Mo.
App. 1243 (41 S. W. [2d] 6); *W. C. Carden & Sons*
v. *Sons & Daughters of Liberty*, 179 N. C. 399 (102
S. E. 610); *Bianco* v. *Lentino*, 177 N. Y. Supp. 244;
*Hall* v. *Scottish Rite, Knight Templars & Master
Masons' Aid Ass'n*, 6 Ohio C. C. 137 (3 Ohio C. D.
384); *Sullivan* v. *Supreme Council, Catholic Mutual
Benefit Association*, 266 Pa. 57 (109 Atl. 604);
*Curdts* v. *Pioneer Life Ins. Co.*, 166 S. C. 94 (164
S. E. 438); *Winters Mutual Aid Ass'n* v. *Corum*
(Tex. Civ. App.), 297 S. W. 238; 4 Cooley, Briefs on
Insurance (2d Ed.), p. 3863; 8 Couch, Cyclopedia of
Insurance Law, § 2223.   Defendant contends that
this rule is only applicable to fraternal insurance,
but as the authorities above cited and elsewhere
hold, this rule is applied against both fraternal and
nonfraternal insurance companies.

The jury rendered a verdict for plaintiff.   Re-
versible error was committed in excluding from the
jury's consideration the original records of the com-
pany, showing the insured's account with the com-
pany, on the ground that such evidence offended the
rule prohibiting the admission of testimony equally
within the knowledge of the deceased.*   A clerk of
the company testified that she made entries show-
ing the status of the insured's account on a separate
card such as was made out and kept by the company
in the ordinary course of business for each policy-
holder.   Plaintiffs conceded that a photostatic copy
of the card might be used were not the original inad-
missible for the reason stated.   Defendant claims
that beneficiaries are not persons who may invoke

---

* See 3 Comp. Laws 1929, § 14219.—REPORTER.

the protection of this statute. See *Schempf* v. *New Era Life Ass'n,* 253 Mich. 152, to the contrary. The court was in error in holding that the statute prohibiting testimony equally within the knowledge of deceased applied to books of account. By the great and overwhelming weight of authority, books of account properly presented are admissible for whatever evidentiary force they may have in order to establish a claim against the deceased person despite statutes, like the one in Michigan, prohibiting testimony as to matters equally within the knowledge of the deceased. *Roche* v. *Ware,* 71 Cal. 375 (12 Pac. 284, 60 Am. Rep. 539); *Haines* v. *Christie,* 28 Col. 502 (66 Pac. 883); *Robinson* v. *Dibble,* 17 Fla. 457; *Chapin* v. *Mitchell,* 44 Fla. 225 (32 South. 875); *Strickland* v. *Wynn,* 51 Ga. 600; *Dysart* v. *Furrow,* 90 Iowa, 59 (57 N. W. 644); *Alling* v. *Brazee,* 27 Ill. App. 595; *Anthony* v. *Stinson,* 4 Kan. 211; *Mansfield* v. *Gushee,* 120 Me. 333 (114 Atl. 296); *Dexter* v. *Booth,* 2 Allen (84 Mass.), 559; *Green* v. *Gould,* 3 Allen (85 Mass.), 465, 467; *Bookout* v. *Shannon,* 59 Miss. 378; *Martin* v. *Scott,* 12 Neb. 42 (10 N. W. 532); *Jones* v. *Gammans,* 11 Nev. 249; *Cather* v. *Damerell,* 5 Neb. Unoff. 490 (99 N. W. 35); *West* v. *Van Tuyl,* 119 N. Y. 620 (23 N. E. 450); *McGoldrick* v. *Wilson,* 18 Hun (N. Y.), 443; *Keener* v. *Zartman,* 144 Pa. 179 (22 Atl. 889); *Cargill* v. *Atwood,* 18 R. I. 303 (27 Atl. 214); *Sanborn* v. *Dentler,* 97 Wash. 149 (166 Pac. 62, 6 A. L. R. 749); *Swafford* v. *White,* 28 Ky. Law Rep. 119 (89 S. W. 129); Jones, Evidence, p. 4406, § 2273; 6 A. L. R. 756. Although the authorities almost unanimously uphold the rule that such records are admissible, it must be noted that these records are not at all conclusive and subject to the right of fullest cross-examination and comment in the argument to the

jury. Although it may be contended with much force that fraudulent entries might be made and that to a degree the books and records are self-serving so that the rule might work an injustice in some case, it is true that, as a rule, in the regular course of business correct entries are made and records kept and, having a certain guarantee of trust-worthiness, they have considerable evidentiary force. Insurance policies and premium receipts are not usually surrendered after a lapse. In view of the fact that the burden is on the insurer to prove that premiums have not been paid, it might frequently lead to a miscarriage of justice were insurance companies precluded from showing their books because of the statute forbidding testimony equally within the knowledge of the deceased. The statute prohibiting testimony equally within the knowledge of deceased should not be extended beyond its original meaning, nor should its scope be so widened as to bring about an absurd result. *Schempf* v. *New Era Life Ass'n, supra,* and *Perfect Cleaners & Dyers* v. *Kirschbaum,* 257 Mich. 430, cited by plaintiffs, are not in point. They refer to the exclusion of evidence other than books of account. The exclusion of insured's card on the ground that its admission was prohibited by 3 Comp. Laws 1929, § 14219, constituted reversible error.

There is considerable evidence in the case that tends to show that the policy had lapsed through nonpayment of premiums, but not sufficient so that we might hold that the contrary finding of the jury was against the great weight of the evidence or that the trial judge should have directed a verdict for the defendant. Inasmuch as we remand this case for a new trial on account of the error committed in excluding the card showing defendant's records for

the reason stated, it is unnecessary to review or weigh this testimony except to state that the manner in which the case was presented led to confusion rather than enlightenment. Mrs. Wilson stated that after the death of the insured she and her husband went to the company's office and delivered the policy and receipts for premiums to a Mr. Wadsten, assistant superintendent of defendant's office. She did not state what the receipts showed. Wadsten, in turn, gave her a receipt for the policy itself, but not for any premium receipts. The company offered to produce Mr. Wadsten for cross-examination by plaintiffs. Their attorney, however, did not accept the offer. On the other hand, defendant also might have assisted the jury by putting Mr. Wadsten on the stand. While the parties were technically within their rights, the testimony might have shed considerable light on the controversy.

It was stipulated by counsel, without prejudice to the claim of plaintiffs that a 30-day notice was required, that if the loan were valid and no additional premiums were paid after the one due October 22, 1929, the automatic extended insurance provided for in the policy would extend the life of the policy only 35 days. This would run from January 22, 1930, and expire on February 26, 1930, more than a year before the death of the insured. As the jury found that all the premiums had been paid, the question of extended insurance was not an issue in the lower court. Had the records of the insurance company been introduced, or fuller testimony given, the jury might have reached a different result. On the new trial, should it be found that not all the premiums were paid and should the plaintiffs rely upon automatic extended insurance in an attempt to show the life of the policy extended beyond the death of the

insured, it should be noted that as the loan was valid, it would have to be deducted from the cash surrender value of the policy in computing the amount of automatic extended insurance. The policy so provides, and the cases interpreting such provisions have so held. *Pilot Life Ins. Co. v. Owen* (C. C. A.), 31 Fed. (2d) 862; *Massachusetts Mutual Life Ins. Co.* v. *Jones* (C. C. A.), 44 Fed. (2d) 540; *Langley* v. *Prudential Ins. Co.,* 271 Fed. 776; *Meridian Life Ins. Co.* v. *Hobbs,* 200 Ala. 487 (76 South. 429, L. R. A. 1918 A, 904); *National Life Ins. Co.* v. *Kuykendoll,* 206 Ky. 361 (267 S. W. 140); *Winters* v. *Reserve Loan Life Ins. Co.,* 221 Mo. App. 519 (290 S. W. 109), certiorari quashed in 315 Mo. 1295 (290 S. W. 115); *Mills* v. *National Life Ins. Co.,* 136 Tenn. 350 (189 S. W. 691); *Meserole* v. *Southwestern Life Ins. Co.* (Tex. Civ. App.), 203 S. W. 1161; Couch, Cyclopedia of Insurance Law, § 647a; 4 Cooley, Briefs on Insurance (2d Ed.) p. 3818.

We shall not discuss any other questions that suggest themselves, but are not raised in the briefs. The judgment is reversed and a new trial granted. Defendant will recover costs.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.