10058

## FOX v. JUNIOR ORDER UNITED AMERICAN MECHANICS.

### (96 S. E. 542.)

Insurance—Mutual Benefit Insurance—Membership in Subordinate Lodge—Age Limit.—Where constitution of benefit association provided no applicant over 50 should be admitted to beneficial membership, and subordinate council was suspended for nonpayment of dues to State and national councils, member of such council, after he reached 50, was not entitled to become member of other subordinate councils and so to keep up his right to insurance.

Before Prince, J., York, Spring term, 1918. Affirmed.

Action by J. A. Fox against the Junior Order United American Mechanics. From judgment of nonsuit, plaintiff appeals.

*Mr. J. Harry Foster,* for appellant, submits: *That unreasonable by-laws are not binding:* 68 S. C. 55; 3 Enc. of Law, 2d Ed. 1062. *When the facts are undisputed the question, whether a by-law, rule or regulation is reasonable is one for the Court:* 99 S. C. 141; 78 S. C. 382; 66 S. C. 202; 44 S. C. 442; 98 S. C. 206. *The Sovereign Camp was responsible for the failure of the agent to discharge his duties:* 95 S. C. 66; 54 S. C. 582; 96 S. C. 182; 69 S. C. 413; 189 U. S. 122; 92 Am. St. Rep. 761. *Defendant cannot repudiate the contract and retain money paid as dues in advance:* 102 S. C. 115; 104 S. C. 403. *Forfeitures are not favored and are to be construed strictly:* 70 S. C. 77; 42 S. C. 14; 43 S. C. 26; 46 S. C. 546.

*Messrs. Butler & Hall,* for respondent (no citations).

July 20, 1918.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Plaintiff appeals from judgment of nonsuit in this action, which is for damages for breach of contract.

22—110.

Defendant is a mutual benefit association, conducted on the lodge system, and governed by a constitution and by-laws. It has a national council and State and subordinate, or local, councils. The constitution provides that no applicant over the age of 50 years shall be admitted to beneficial membership in any council, but such applicants may be admitted to honorary membership only.

In 1907, plaintiff became a member of a subordinate council (Elgin No. 55), and defendant issued to him a certificate of membership, and thereby contracted to pay his legal dependent $500 at his death, "upon the condition that the said J. A. Fox is now and shall be at the time of his death a beneficial member in good standing of a subordinate council of said order, and affiliating with the national council of said order, and also a member in good standing of the funeral benefit department of said national council, in Class B, in accordance with the laws of said national council, and his State and subordinate council now in force or hereafter adopted prior to said death." In 1911, plaintiff transferred his membership to Dry Creek Council No. 88, and paid his dues in that council until the last of December, 1914, at which time that council was suspended for nonpayment of its dues to the State and national councils, and became defunct, and was not thereafter affiliated with the State and national councils. In 1915, plaintiff, being then over 50 years of age, obtained from the secretary of the State council a dismissal card, which, though not clearly explained by the testimony, we assume was a card certifying that, at the time of his dismissal, he was a member of the order in good standing. Upon this card, he applied to two other subordinate councils for membership, first to Lancaster Council No 38 and then to Rock Hill Council No. 49. His application was rejected by both, on the ground that he was not eligible to membership, because he was then over 50 years of age. It appears that, under the laws of the order, before an applicant for membership can be received into a subordinate

council, his application must be submitted to a secret ballot of the council, and that one black ball, or negative vote, is sufficient to require his rejection.  The record does not clearly disclose whether plaintiff's application was rejected upon such a vote by either of the councils to which he applied for membership; but we shall assume that it was not, and that the sole ground upon which admission to membership was denied him was that he was over 50 years of age, as that view of the testimony is most favorable to his contention.

The question, then, is whether there was any breach of its contract by defendant.  It is too plain for argument that, if that question is to be answered from a consideration of the words of the contract, it must be answered in the negative.  In plain and unambiguous language, the agreement to pay is subject to the condition that, at the time of his death, plaintiff should be a beneficial member in good standing of a subordinate council of the order, which must be affiliated with the national council, and it is admitted that he is not such a member.  But appellant contends that, conceding that to be true, the provision of the constitution which prohibits his admission into Lancaster or Rock Hill council because of his age, after he had been admitted to membership in Elgin and Dry Creek councils before he attained the prohibitory age and had paid his dues in those councils until he had attained that age at which he could not obtain admission to any other council, is unreasonable and void, and ought, therefore, to be ignored by the Court.  We do not think so.  That provision was accepted by appellant, as a part of his contract, when he joined the order.  It is entirely reasonable for an insurance association or company to fix the age beyond which it will not accept a risk.  Practically all insurers do so.  Nor is there anything unreasonable in providing that, after an insured has passed a specified age, he may not be transferred from one class to another, or from one council to another, because the introduction of

a considerable number of old men into a council in that way might, and, according to natural laws would, tend to weaken it, and it might also materially increase the burdens upon the other members of that council. It is purely a matter of contract, and the provision in question is not obnoxious to any law or to public policy.

It is true that appellant has been deprived of his insurance apparently without any fault on his part, which is regrettable. But, on the other hand, the defendant is not at fault, has done him no wrong, and is not, therefore, responsible for his misfortune. By the terms of his contract, he made the council of which he became a member his agent for the purpose of keeping up its affiliation, and, through it, his affiliation with the State and national council. Clearly, the parties had the right to make that sort of a contract. The fault, therefore, lies with plaintiff's own agent and not with defendant. The situation is practically the same as if he had appointed some person as his agent to pay his dues to the council, and that person had failed to do so, and the council had suspended or expelled him for nonpayment of dues. He must look to his own agent for redress.

Judgment affirmed.