CATHERINE H. HART v. WOODMEN OF THE WORLD.

(Filed 30 March, 1921.)

**1. Insurance, Life—Conditions—Acceptance of Premiums—Waiver.**

Where the insured afterwards engaged in a hazardous occupation forbidden by the policy unless upon notification given to a certain of its agents and the payment of an additional premium, and it appears that the agent had been notified of such change and the insured continued the policy in force upon the continued payment of the same premiums, the company itself waives the condition imposed by accepting the premiums, with notice, and may not declare the policy invalid and refuse to pay it upon the death of the insured.

**2. Same—Principal and Agent.**

It is not an alteration of the conditions expressed in a policy of life insurance by an officer or agent thereof when the company itself knowingly receives the premiums until the death of the insured, without objection until then, and thus waives the condition.

**3. Same—Notice.**

Where the insured has notified the agent of the insurer designated by its constitution and by-laws of a change to more hazardous occupation, it is sufficient.

APPEAL by defendant from *Daniels, J.,* at October Term, 1920, of NEW HANOVER.

This was a civil action to recover on a contract of insurance issued by the defendant on the life of Lee Roy Hart for the benefit of his mother, plaintiff herein.

The defendant's constitution and by-laws contain the following stipulations: (1) "If a member engage in any of the (hazardous) occupa-

tions mentioned in this section he shall within thirty days notify the clerk of his camp of such change of occupation, and while so engaged in such occupation shall pay on each assessment thirty cents for each one thousand dollars of his beneficiary certificate in addition to the regular rate. Any such member failing to notify the clerk and to make such payments as above provided shall stand suspended, and his beneficiary certificate be null and void." (2) "No officer, employee, or agent . . . shall have the power, right, or authority to waive any of the conditions upon which beneficiary certificates are issued, or to change, vary, or waive any of the provisions of the constitution and by-laws," etc.

It was admitted that after the insured had received his beneficiary certificate he changed his occupation and became a brakeman on a freight train, which is denominated in the defendant's by-laws as hazardous. The insured continued in this work for a period of more than a year, and until his death, during which time he paid the regular premiums on his certificate, but did not pay the additional 30 cents due by reason of the change in his employment.

Upon issues joined, the jury returned the following verdict:

"1. Did the plaintiff's intestate fail to give notice to the defendant within thirty days of the change of his occupation? Answer: 'No.'

"2. Was the plaintiff's intestate able and willing to pay the increased premium required for such changed occupation? Answer: 'Yes.'"

Judgment on the verdict in favor of the plaintiff for the amount of the certificate, less 30 cents per month for the time plaintiff's intestate was employed in the said hazardous work. Defendant excepted and appealed.

*E. K. Bryan for plaintiff.*
*Joseph W. Little and George H. Howell for defendant.*

PER CURIAM. The following reasons are assigned by his Honor in support of the judgment entered in the Superior Court: "It further appearing to the court that after the plaintiff's intestate changed his occupation he made to the defendant as many as twelve or more monthly payments of dues and assessments, and that the same was transmitted to the defendant by the clerk of the local camp, as required by the by-laws, and that after the death of the plaintiff's intestate, proofs of death and loss were duly made out and transmitted to the defendant, as required by the said policy of insurance, constitution and by-laws, and after the receipt of the same the defendant denied liability and refused to pay to the plaintiff, the beneficiary in the policy, the amount thereof, and that the defendant has failed and refused to return to the plaintiff's intestate or his personal representative the premiums, dues and assess-

ments levied on account of said policy, and in filing its answer herein made no offer to return the same, but has kept the said premiums, dues, and assessments which were paid to it for the purpose of keeping in force the insurance contract sued on, and the court being of the opinion, on such facts, that the plaintiff is entitled to recover of the defendant: It is therefore ordered," etc.

The defendant takes the position that none of the provisions of its constitution and by-laws could be waived by any officer or agent, and that the failure of the insured to pay the additional thirty cents per month while engaged in the hazardous work' rendered his certificate null and void. We do not think this position open to the defendant on the record. The insured was required to notify the clerk of his camp within thirty days of his change of occupation, which was done, according to the verdict of the jury. With knowledge of the changed and hazardous employment of the insured, the defendant continued to accept the dues and assessments at the old rate. This was not an unauthorized act of an officer or an agent, but the defendant's own election, deliberately made. Such was a waiver of its right to insist upon a forfeiture of the policy. *Bergeron v. Ins. Co.,* 111 N. C., 45.

It has been held with us, in a number of cases, that where an applicant knowingly misrepresents a material fact, and the company, with full knowledge of the circumstances and falsity of the statement, issues a policy, receives the premiums, and recognizes and continues to recognize the applicant as holding a contract of insurance, it ordinarily will be estopped from insisting on a forfeiture of the policy that otherwise might ensue. *Robinson v. Brotherhood,* 170 N. C., 545; *Grabbs v. Ins. Co.,* 125 N. C., 389.

It is not necessary to discuss the principle, announced in numerous decisions, that notice to the agent is notice to the company, for, in the instant case, the insured, when he changed his occupation, was only required to notify the clerk of his camp, which he did, and this was notice to the defendant. *Fishblate v. Fidelity Co.,* 140 N. C., 589. See, also, *Carden v. Sons and Daughters of Liberty,* 179 N. C., 399.

After a careful examination of the defendant's exceptions and assignments of error, we are convinced that the case was tried according to law and precedent.

No error.