DAISY EVANS v. JUNIOR ORDER UNITED AMERICAN
MECHANICS ET AL.

(Filed 19 April, 1922.)

1. **Beneficial Associations—Insurance—National Councils—Local Councils —Principal and Agent—Corporations.**

Where the national council of a fraternal order, authorized by its charter "to establish, maintain, control, and regulate a department for the payment of funeral benefits to the members of the order," operated over an extensive territory through local councils, such local or subordinate councils are agents of the national council for the purposes expressed in its charter.

**2. Same—By-laws—Assessments—Forfeiture.**

Where the national council of a fraternal order writes funeral benefits through its local councils under the provisions of its charter and by-laws adopted in pursuance thereof, the agency thus created is not affected by the provisions of a by-law of the national council under which the local council forfeits its membership by not remitting assessments collected within stated intervals, as against the rights of the beneficiary under a policy of a deceased member enrolled by the local council, who has died in good standing therein with his assessments duly paid.

**3. Issues—Pleadings—Insurance—Good Health.**

Where it is alleged in defense to an action to recover of a fraternal order the amount due the beneficiary as a funeral benefit, that at the time of the enrollment of the deceased his health was bad as to certain particulars, which avoided the policy, it is not error for the trial judge to confine the inquiry to the particulars alleged in the answer, and refuse to submit one tendered by the defendant as to the general sound bodily health of the deceased at that time.

**4. Evidence—Declarations—Beneficial Associations—Beneficiary.**

In an action to recover funeral benefits from a fraternal order, declarations of the deceased as to his health made subsequently to the time of his enrollment, are not admissible as evidence against the beneficiary in his action against the benefit society.

APPEAL by defendants from *Long, J.,* at January Term, 1922, of GUILFORD.

This is an action by the beneficiary to recover upon an insurance (funeral or death benefit) policy in the funeral benefit department of the defendant, the National Council of Junior Order United American Mechanics. The defendant is a corporation, with its principal place of business at Pittsburgh, Pa., and maintains and conducts a funeral benefit department for the purpose of paying funeral benefits to its members. Buffalo Council, No. 202, is a subordinate council of the defendant, and is and has been continuously enrolled in the funeral benefit department thereof since before the plaintiff's intestate, H. Norwood Evans, became a member of said local council. He became a member of said subordinate council several months before his death, which occurred about 23 February, 1920. His dues and assessments for funeral benefits were paid up until the time of his death. He was enrolled in the funeral benefit department of the defendant, and Daisy Evans, the plaintiff in this case, is his widow, and also his dependent, and therefore his beneficiary. From the verdict and judgment in favor of the plaintiff, the defendant appealed.

*R. C. Strudwick and N. L. Eure for plaintiff.*
*Douglass & Douglass and Murray Allen for defendant.*

CLARK, C. J. Article VII, section 15, of the constitution of the defendant enumerates the powers reserved to the National Council, and

subchapter 26 thereof reads as follows: "To establish, maintain, control, and regulate a department for the payment of funeral benefits to the members of the order."

This is the only section in the constitution of the defendant referring to a funeral benefit department, and is the only section granting to the defendant the right to establish such department. It appears, therefore, that this department was established for the purpose of paying funeral benefits to members of the order, and not for the purpose of reinsuring the subordinate councils. Any by-law attempting to make the defendant a reinsurer only is contrary to this provision of the constitution, and can have no force or effect as against the plaintiff.

Since the funeral benefit department is formed for the express purpose of paying funeral benefits to the members of the order, and as the defendant chooses to do the funeral benefit business through the local councils, it thereby makes the local or subordinate council its agent for the purpose.

In *Bragaw v. Supreme Lodge,* 128 N. C., 360, the Court cited with approval the case of *Schunck v. Geigenseitiger Wittwen und Waisen Fond,* 44 Wis., 375, as follows: "The subordinate lodge acts for and represents the defendant in making the contract with the member, unless we adopt as correct the idea that the member, by some one-sided arrangement, makes a contract with himself through his agent."

Whenever a subordinate council makes application for enrollment in the funeral benefit department, it is required, under Division VIII, section 6, paragraph 3, of the laws of the defendant, to make a pledge as follows: "We have adopted, or hereby agree to adopt upon enrollment of this council in the funeral benefit department, a by-law providing for the payment to the legal dependent of a deceased brother, irrespective of the time of membership of the said brother in this council, the full amount received by his council from the funeral benefit department, less the cost of preparing the claim, and all other charges legally due the council at the time of death."

The foregoing law of the defendant requires the local council to pledge itself that it will act as the agent of the defendant to distribute funeral benefits to members of the order.

Under Division VIII, section 12, of the laws of the defendant, it is attempted to make enrollment of councils in the funeral benefit department optional, but instead of being optional, it is made obligatory upon every council within the State of North Carolina to become enrolled in said department or not to be enrolled in any funeral benefit association at all.

The section reads as follows: "It shall be optional with any council of the Junior Order United American Mechanics to be enrolled in the

funeral benefit department as provided herein, but no council of the order shall hereafter be permitted to become members of or connected with any so-called funeral benefit association or organization whose business may be to pay funeral or death benefits, and which is not connected with and controlled by the National Council, Junior Order United American Mechanics of the United States of North America: *Provided,* that the foregoing shall in no wise affect any state death benefit association now in existence whose activities and jurisdiction is now and shall continue to be exclusively confined to such states and limited in its membership to members of the Junior Order United American Mechanics."

To show further that the subordinate council is a part and parcel of the National Council, and that its acts are the acts of the National Council even the property of the local council is held in trust for the National Council, as appears from Division V, chapter 13, section 6, of the laws of the defendant, which reads as follows: "All funds, moneys, and property of whatsoever kind or description accumulated or held by any council of the order, state or subordinate, shall be accumulated and held solely in trust for and as provided by the National Council, and upon the severance of either of said councils from its relations with the National Council by disbanding, withdrawal, expulsion, dissolution, or revocation of its charter, or by its ceasing to exist as a council of the order in any manner, all of said funds, moneys, and property shall immediately thereafter revert to the National or State council as the case may be, to be held by it for the uses and purposes of the order."

The foregoing shows that the local council has absolutely no independence of its own, and must act, if at all, as agent for the National Council, the defendant in this action.

In Division VIII, section 13, of the laws of the National Council, the recording secretary of the local council is expressly made the agent of the defendant for the purpose of sending in the names of members of the local council to be enrolled in the funeral benefit department, and also for the purpose of sending in assessments for funeral benefits to said department. The section reads as follows: "Immediately after the initiation, reinstatement, or admission by card of a member in any council that has already been admitted to the funeral benefit department, if such member possesses the qualifications prescribed in section 8 of these laws, the recording secretary of such council shall forward to the secretary, on blanks provided for that purpose, the name of such member in full, his number upon the roll, his age at last birthday, and his occupation and address, and the recording secretary shall certify that such member is in sound bodily health and free from any disease, together with 35 cents if in Class A, or 70 cents if in Class B, which shall be

for the enrollment fee and the assessment of such member for the month in which his name is enrolled in the funeral benefit department, and the secretary shall immediately upon receipt thereof enroll the name of such member on the roll of his council in the funeral benefit department, and beginning with the date of such enrollment and thereafter his council shall be entitled to all benefits thereof."

Relative to the duty of the recording secretary of the subordinate council as to forwarding assessments for members of the funeral benefit department, Division VIII, section 14, of the laws of the defendant reads as follows: Paragraph 1. "On or before the tenth day of each month there shall be paid by each council for each member on its roll in the funeral benefit department on the first day of the current month, a regular monthly assessment as provided by law. It shall be the duty of the recording secretary of each council enrolled in the funeral benefit department to forward such monthly assessment to the secretary on or before the tenth day of each month, using blanks furnished by the secretary for that purpose, and should such payment not reach the office of the secretary by the last day of the month, such council shall thereby, *ipso facto,* be suspended and not entitled to benefits until such suspension shall have been removed."

In *Bragaw v. Supreme Lodge,* above cited, at page 359, it is said: "To invest the secretary with the duties of an agent and to deny his agency is a mere juggling of words. Defendant cannot thus play fast and loose with its own subordinates. Upon its theory the policyholders had absolutely no protection. They were bound to make their monthly payments to the secretary of the section (local lodge), who was bound to remit them to the board of control (Supreme Lodge), but they (the assured) could not compel him to remit, and were thus completely at his mercy."

The Court, in *Bragaw v. Supreme Lodge,* cited above, at top of page 360, cites with approval *Murphy v. Independent Order of Jacob,* 27 So., 624, in which it is held: "Under a by-law of a beneficial association declaring that officers of subordinate lodges shall be agents of the body that elects them, and not of the Grand Lodge, the latter cannot escape liability on a certificate of membership by reason of the failure of the subordinate lodge to do its duty in paying assessments to the Grand Lodge."

See, also, *Carden v. Sons and Daughters of Liberty,* 179 N. C., 399; *Connor v. Odd Fellows, ibid.,* 494; *Hart v. Woodmen,* 181 N. C., 488.

It follows, therefore, that the objection that the defendant is not properly the party defendant cannot be sustained. The by-law that the officers of subordinate lodges shall be agents of the lodge that elects them and not of the defendant, the National Council, cannot avail, for the

latter cannot escape liability for the action of the local lodges who are their agents to make the collections and forward to the national lodge the funds out of which the payments are made on these funeral benefit policies.

The National Council is the proper party to pursue in this action. *Gilbert v. Dalton Council,* 25 Ga. App., 131.

The defendant in its answer alleged that the said H. Norwood Evans, when he became a member of Buffalo Council, No. 202, "was not in sound bodily health, but was afflicted and suffering from chronic middle ear trouble and chronic mastoiditis, which had demonstrated itself prior to said initiation and enrollment, and that under the by-laws of the defendant and said subordinate councils, the defendant was not liable." The court submitted the following issue in the exact language of the answer, "Was H. Norwood Evans, at the time he joined Buffalo Council, No. 202, Junior Order United American Mechanics, suffering from chronic middle ear trouble and chronic mastoiditis which had demonstrated itself prior to the initiation of his name in the funeral benefit department of the National Junior Order?" to which the jury answered "No."

The defendant excepted because the issue was not submitted in these words: "Was the said H. N. Evans in sound bodily health at the time he was taken into the order," etc., but the answer set up specifically the particulars in which the health of the said Evans was defective, and it would have been an injustice to the plaintiff to have broadened the issue into a general inquiry as to the general bodily health of the insured. It does not appear that there had been any motion to amend the answer in this respect, and certainly there is no record that such motion was allowed. The defendant selected its battle ground and the issue was fought out in accordance therewith.

Lastly, the defendant excepted because the court excluded depositions as to statements of H. N. Evans made some time subsequent to the enrollment of his name in the funeral benefit department of the National Council, Junior Order.

In 14 R. C. L., p. 1438, sec. 601, in regard to the "Admissions and Declarations of Insured," it is said: "It may be laid down as a general rule established by the weight of authority, that, where the defense in an action on a contract of life insurance is based on the alleged falsity of statements contained in the application, admissions, or declarations of the insured, whether made before or after the policy was issued, are not admissible against the beneficiary, unless they were made at a period not too remote in time from the making of a contract of insurance, and were of such nature as to be a real probative force in determining the truth or falsity of such statements; apparently on the ground that the

contract of insurance is between the insurer and the beneficiary; that the insured is not a party to the suit; and that the beneficiary has a vested interest in the policy of which he cannot be deprived by the insured except by some act in violation of the conditions of the policy. Where, however, the declarations of the insured, are a part of the *res gestæ* they are admissible, though their purpose has been limited to showing knowledge and not as evidence of the facts stated. If the declarations relate to the cause of an accident and death, and are a part of the *res gestæ* they are also admissible." After laying this down as a general rule, it is added that some courts have held that the admissions and declarations of the insured are admissible against his beneficiaries in the case of benefit societies because the beneficiary has no vested rights though other courts have held that the same rule applies to such policies as in the case of an ordinary life policy.

In *Taylor v. Grand Lodge* (Minn.), 11 L. R. A. (N. S., 1908), 92, the whole subject is discussed in a very elaborate note, and while there is some conflict on this point evidently the weight of the reasoning and of authority is that the same rule applies as in ordinary life insurance policies, and that admissions of the insured, especially when made after the date of the policy are not competent evidence against the beneficiaries therein. We think his Honor correctly followed the better reason in excluding the testimony offered of admissions by the insured made subsequent to the issuance of the benefit policy.

In Jones on Evidence, sec. 242, it is said: "It is generally held that there is no such privity of interest between an insured person and his beneficiary as to admit the declarations of the former in actions on life insurance policies." Certainly this is almost the unbroken line of decisions as to ordinary life insurance, and we think, as already stated, that while the authorities are divided, in this respect, as to the admissibility of evidence of this kind in actions on benefit policies, that the reason of the thing does not justify any difference as to the admissibility of evidence in the latter case.

There is no controversy as to the amount to be recovered ($500) if the validity of the policy is sustained.

No error.