14318

HANCOCK *ET AL.* v. NATIONAL COUNCIL JUNIOR ORDER UNITED AMERICAN MECHANICS

(186 S. E., 538)

February, 1935.

*Messrs. John E. Stansfield* and *P. A. Murray, Jr.,* for appellant,

*Messrs. Leppard & Leppard,* for respondents,

June 23, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

Action by respondents against appellant for the purpose of recovering the sum of $500.00 as funeral benefits on account of the death of John F. Hancock, respondents being the daughters and the sole heirs and distributees at law of the said John F. Hancock, and therefore the ones entitled to collect and receive the said death benefit.

By their complaint, respondents allege that for some time prior to May 3, 1933, John F. Hancock, their father, had been a member of Ruby Council No. 84 of the State of South Carolina, located at Ruby; that by virtue of the payment of certain monthly dues during his membership in said council of the Junior Order United American Mechanics, the appellant promised to pay the sum of $500.00 to these respondents upon the death of the insured, John F. Hancock; that their said father continued to be a member in good standing of said Ruby Council and of appellant, National Council Junior Order United American Mechanics, up to and including the date of his death on May 3, 1933; that the deceased, John F. Hancock, and the respondents, performed all conditions of the insurance contract; that appel-

lant refuses to pay the aforesaid sum and has denied its liability on said insurance contract.

Appellant, by its answer, after admitting the formal allegations of the complaint, denies the other allegations thereof, and for a second defense alleged that Ruby Council No. 84 and John F. Hancock were suspended from the funeral benefit department of appellant, said suspension being caused and occasioned by the failure of said council and the members thereof to meet all taxes, assessments and dues owing to the funeral benefit department of appellant; that John F. Hancock never applied for reinstatement and was never reinstated in said department; that in order for any member of a subordinate council to be entitled to death or funeral benefits, it is necessary that the subordinate council pay all dues, taxes, and assessments to the funeral benefit department, and a failure to do so forfeits all death benefits to the members of the subordinate council and suspends it; that in 1931, Ruby Council was suspended for failure to pay its dues to said department, and in consequence thereof, John F. Hancock forfeited and relinquished any and all right to death or funeral benefits; that said John F. Hancock was not a member of said department at the time of his death; that the beneficiaries of John F. Hancock could not recover because he had been suspended; that had the said John F. Hancock reinstated his membership, which he never did, his beneficiaries would have been entitled to recover; that no contract existed between said insured and appellant whereby death benefits were payable to respondents. A trial on the merits resulted in a verdict for the respondents for $500.00, and some interest. At appropriate stages of the trial, appellant made motions for nonsuit and a directed verdict, both of which motions were overruled by the presiding Judge. After the verdict was rendered, appellant submitted a motion for a new trial, and on request of the trial Judge, written arguments were filed. Thereafter, the trial Judge filed his order denying the motion for a new trial. From

judgment entered upon said verdict, appellant comes to this Court.

Before taking up the exceptions, we think it well to make a brief statement of the facts as developed upon the trial.

The National Council of Junior Order United American Mechanics, the appellant herein, is a legal entity, organized and existing under and by virtue of the laws of the State of Pennsylvania. The National Council is the supreme Council, and it has under its immediate supervision and control numerous subordinate lodges or councils. The next body in rank is the State Council, which is composed of the various local councils over the State of South Carolina. These local councils are composed of individuals having local membership. Among the various departments of the National Council is a division known as the funeral benefit department, organized for the purpose of paying funeral benefits to the members of the order. There are three classes of benefits available to the members of the local councils, and it is optional with the local councils and the members thereof into which class they will enroll. Upon the enrollment of a council and the members thereof, they are required to pay certain dues, taxes, and assessments to the funeral benefit department of the National Council through the financial secretary of the local council, and the amount of insurance in force is determined by the dues paid by the members of the local council which has enrolled in said department. As a prerequisite to the recovery of any benefits, it is necessary that all dues, taxes, and assessments due and owing to the funeral benefit department, be paid. Appellant does not issue any certificates in this class of insurance.

Prior to June, 1931, Ruby Council No. 84 and the members thereof were in good standing with the National Council in the funeral benefit department, and John F. Hancock had been a member of said local council for several years and had paid all dues and assessments to the proper officer of said council covering the amount to be remitted to the

National Council to keep him in good standing in the funeral benefit department of appellant. For an unexplained cause, Ruby Council No. 84 and the officers thereof, although continuing to collect the full dues from its membership, failed to remit the necessary dues to appellant and all members thereof were suspended from membership in said funeral benefit department or insurance department of appellant. Of this suspension neither John F. Hancock nor the other members of Ruby Council No. 84, except the officer whose duty it was to transmit to appellant its portion of the dues collected from the members, were ever notified of the suspension, and John F. Hancock continued until his death to pay his dues to the proper officer of said Ruby Council No. 84, without ever learning of the suspension spoken of above. During this suspension and shortly before the death of John F. Hancock, to wit, on March 25, 1933, Ruby Council No. 84, through its then recording secretary, filed an application with appellant for reinstatement of Ruby Council No. 84, on which statement was a list of the names, addresses, ages, and occupations of the membership. Among the names of the membership was John F. Hancock, whose age was given as 57, and with said application there was remittance covering sufficient amount to reinstate all members, as provided for in the constitution and by-laws of appellant. Of the money sent in, appellant first paid the arrears for June, 1931, for the nonpayment of which dues Ruby Council No. 84 and its members had been suspended, and then reinstated said local council and such members thereof as were under the age of 50, and credited the account of Ruby Council No. 84 with the balance of said remittance not used for the purposes just above mentioned. As aforesaid, there is no evidence that John F. Hancock ever knew that Ruby Council No. 84 had been suspended or that application had been made for reinstatement and that in reinstating the local council and certain members thereof that he had been left off, and continued to pay dues covering the amount to be

transmitted to appellant to keep him in good standing in the funeral benefit department.

Appellant has filed 21 exceptions to the judgment of the trial Court, but at the threshold of its arguments limits the issues raised thereby to six, which are as follows:

"1. Was the plaintiff the proper party to bring this action and was there any evidence of privity of contract between the defendant and the plaintiff?

"2. This action cannot be maintained because Ruby Council was suspended from the Funeral Benefit Department and John F. Hancock was not enrolled, again, in the Funeral Benefit Department after suspension of his Council.

"3. Was it error for his Honor to refuse to grant a non-suit, to direct a verdict and to refuse the motion of defendant for a new trial?

"4. Did the Presiding Judge err in charging the law of waiver?

"5. Did the Judge err in instructing the jury as to the law of agency and in refusing to charge on the law of agency, in certain particulars?

"6. Error in admission of certain testimony and failure to direct a verdict because of absence of competent testimony as to membership of John F. Hancock in the Funeral Benefit Department."

As to the first question, appellant contends that respondents were not the proper parties to bring this action, and that there is no privity of contract between appellant and respondents. It, therefore, becomes necessary that we direct our attention to the pertinent sections of the constitution and by-laws which govern and embody the terms of this contract of insurance.

Appellant urges that under its by-laws there is no privity of contract between it and the respondents; that the obligation which it assumed when Ruby Council No. 84 enrolled in the funeral benefit department, was a reinsurance contract, by the terms of which it agreed that upon the death

of a member of one of the local councils, if the local council becomes liable for a death benefit, then, and in that event, the funeral benefit department reimburses such local council in the amount due by it as funeral benefit, provided the local council of which the deceased was a member, is in good standing with appellant's funeral benefit department, that is, if all dues, taxes and assessments have been paid to the said department.

In order to determine whether or not this was a re-insurance agreement between the local council and appellant, and consequently no privity of contract between respondents and appellant, we must resort to those sections of the constitution and by-laws of appellant, which, taken together, constitute the terms of the contract, bearing constantly in mind that cardinal precept of constitutional law which declares any law in conflict with the constitution, to be unconstitutional, void, and of no effect.

Article VII, General Section 24, of appellant's constitution, enumerating the powers reserved to the National Council and Sub-section 26, is as follows: "To establish, maintain, control and regulate a department *for the payment of funeral benefits to members of the Order.*" (Italics added.)

Under the foregoing section of appellant's constitution, it is obviously apparent that the funeral benefit department was formed for the express purpose of paying funeral benefits to the *members of the order* and not to reinsure contracts of insurance made and entered into by and between the local councils and their members.

General Section 499, Subsection 1, of the National Laws of appellant, provides:

"By virtue of the Corporate Charter and the Constitution and Laws of the National Council Junior Order of United American Mechanics, there is hereby created a Funeral Benefit Department of the Junior Order of United American Mechanics of the United States of North America, which shall have the exclusive power and authority to es-

tablish and maintain a fund for the reimbursement of Councils of said Order for amounts paid by them as funeral benefits. Said Department shall not make or enter into contracts with individual members of the Order, but shall be limited to reinsure the contracts made by Councils thereof to those members entitled to receive the same under the conditions as defined in the laws of the Order.

"It is the policy of said Order that the Councils thereof shall have the sole and exclusive jurisdiction to contract with the members thereof regarding the payment of funeral benefits as provided in the laws of the Junior Order United American Mechanics."

Now, the question presented for determination is, which must prevail, the constitutional provision with reference to the payment of funeral benefits to members of the order or the by-laws limiting the obligation of appellant to one of reinsurance and making it responsible only to the councils?

In the case of *Evans v. Junior Order United American Mechanics,* 183 N. C., 358, 111 S. E., 526, 527, the Court, referring to the constitutional provision hereinbefore quoted, said:

"This is the only section in the Constitution of the defendant referring to a funeral benefit department, and is the only section granting to the defendant the right to establish such department. It appears, therefore, that this department was established for the purpose of paying funeral benefits to members of the order, and not ·for the purpose of reinsuring the subordinate councils. Any by-law attempting to make the defendant a reinsurer only is contrary to this provision of the constitution, and can have no force or effect as against the plaintiff.

"Since the funeral benefit department is formed for the express purpose of paying funeral benefits to the members of the order, and as the defendant chooses to do the funeral

benefit business through the local councils, it thereby makes the local or subordinate council its agent for the purpose."

The constitutional provision of appellant hereinbefore quoted, by its express language, provides for the payment of funeral benefits to the member of the order. It is true that any constitutional power which might by necessary implication be reserved to appellant, should be given force and effect, but when the language of the provision is unambiguous and unequivocal, effect must be given to the true intent and meaning thereof.

General Section 499, Section 1, of the National Laws of appellant is directly in conflict with this constitutional provision, in that instead of providing for the payment of funeral benefits to the members of the order it provides solely for the reimbursement of the local councils for the amount of funeral benefits paid by them.

We are constrained to hold that any by-law or national law of appellant in conflict with the provision of its constitution, is null and void, and of no effect, and cannot prevent the respondents from maintaining this action.

Was there privity of contract? We think so. The funeral benefit department was formed for the sole purpose, as recited by the constitution of the order, to pay funeral benefits to the members of the order. The members of the local council were required by appellant's by-laws to pay their dues, taxes, and assessments to the financial secretary of the local council, whose duty it was to transmit to appellant the portion thereof necessary to keep such member in good standing in the funeral benefit department of appellant.

Section 8072 of the Civil Code 1932, is as follows: *"Who are Agents of Fraternal, etc., Associations.*—When any fraternal insurance or beneficiary society, order or association of this or any other State, province, or territory, now or hereafter operating within this State, and having lodges, coun-

cils, chapters, branches or subordinate or branch officers duly established and organized in this State, and when under the laws, rules or regulations of such said society, order or association, members of the same are required to pay or customarily and with the knowledge and consent of such said society, order or association, do pay premiums, dues, assessments, fines, or other payments to any other member or person for the purpose of transmitting or delivering the same to the general office, or to any division, subordinate or branch office of such said society, order or association, then such said member or person by whatever name or title known and called, so collecting such premiums, dues, assessments, fines and other payments, shall be deemed and considered the agents of such said fraternal insurance, or beneficiary society, order or association."

General Section 374, of the National Laws of appellant, provides: " * * * no member shall be credited with the payment of dues or other moneys due the Council until such payment is actually received by the Financial Secretary of the Council, and no payment made to a person other than the Financial Secretary or in his absence to the Acting Financial Secretary, shall be deemed payment to the Council."

General Section 525, Section 27, of the National Laws of appellant, governing funeral benefit department, under the sub-title "Assessments, Suspensions and Reinstatements," contains the following: "On or before the tenth day of each month there shall be paid by each Council for each member on its roll in the Department on the first day of the current month, a regular monthly assessment as provided by law. It shall be the duty of the Council enrolled in the Department to forward such monthly assessments to the General Manager thereof, on or before the tenth day of each month, using blanks furnished by the Department for that purpose, and should such payment not reach the office of the General Manager by the last day of the month, such Council shall

thereby, *ipso facto,* be suspended and not entitled to benefits until such suspension shall have been removed."

The portion of the section, above quoted, leads to the inescapable conclusion that the financial secretary of the local council to whom the members thereof are required by the national laws of appellant to pay their dues, taxes, and assessments, is the agent of appellant through whom it conducts its insurance department. See case of *Crumley v. Sovereign Camp, W. O. W.,* 102 S. C., 386, 86 S. E., 954.

Appellant relies strongly on the case of *Fox v. J. O. U. A. M.,* 110 S. C., 337, 96 S. E., 542, L. R. A., 1918-F, 778, and contends that under the law as laid down in that case the local council is the agent of the insured, and that by the default of his own agent, the deceased lost his insurance. It is true that there is some language to that effect in the *Fox case,* but a careful reading of the opinion, and the original record on appeal to this Court, show that such language is merely *obiter dictum.* Although appellant's counsel in that case undertook to argue the question of agency, no such question was raised by the exceptions, and the case came to this Court solely upon the questions, whether the by-laws and rule of the defendant-respondent in that case, excluding the plaintiff from membership in the beneficial degree on account of his age, and by the by-law, rule, or regulation of the defendant-respondent in that case, working a forfeiture of the contract of insurance upon the ground that the insured must be a member of a local council, in the absence of a reasonable and suitable provision and opportunity provided such member to retain membership in the order of defendant, were unreasonable, arbitrary, and void.

In the *Fox case, supra,* the plaintiff was a member of Elgin Council No. 55, in 1907. In 1911, he transferred his membership to Dry Creek Council No. 88, and thereafter, in 1914, this council was suspended for nonpayment of dues to the State and national councils, and became defunct. In 1915, the plaintiff then being over 50 years of age, obtained

a dismissal card from the secretary of the State council certifying that he was in good standing on the date of his dismissal. Upon this card he applied to two other councils for membership, but he was rejected by both on the ground that he was not eligible for membership because he was over 50 years of age. It was contended that a by-law prohibiting his admission on account of his age, under the circumstances of the case,, was unreasonable, but this Court upheld the by-law, and it was on this point that the *Fox case* was in reality decided.

In the case at bar, the deceased had paid his dues to the financial secretary, as appellant's national laws provided, but the said secretary of the local council had defaulted in his duty to transmit these dues to the National Council. Therefore, the suspension of Ruby Council No. 84 and its membership, was due to the default and failure of appellant's agent to discharge his duty relative to the transmission of the dues to it and the appellant is liable. *Crumley v. W. O. W., supra.*

In the *Fox case,* the insured was out and attempted to regain admission, but here the deceased was a member by virtue of having paid his dues in full to the only person authorized by appellant to accept same and without ever having received notice that there had been an attempted suspension of Ruby Council No. 84, and of the insured, as a member thereof in the funeral benefit department.

In the case of *Dillingham v. National Council, J. O. U. A. M.,* 113 S. C., 430, 102 S. E., 721, 723, Mr. Justice Gage, speaking for this Court, said: "The facts of the instant case are not analogous to any of them, except *Fox v. Junior Order,* 110 S. C., 337, 96 S. E., 542, L. R. A., 1918-F, 778. But in that case Fox was confessedly out, and was trying to get back; in the instant case Dillingham is (ideally) in, and the order is trying to put him out."

The above language is appropriate to the case at bar, and it is clear that the *Fox case* is not controlling here.

Even if under the foregoing, there is no privity of contract, it is a well-settled principle of law that a contract made for the benefit of a third person is enforceable by such third person against the party ultimately responsible for the fulfillment thereof.

Therefore, the exceptions raising Issue 1 are overruled.

In passing on Issue 2, we have already conclusively shown that Ruby Council No. 84 was the agent of appellant in the transaction of its insurance business. It is, however, urged by appellant that even though the local council be the agent of the National Council, when the local council was suspended for nonpayment of dues and assessments, the authority of its agent to bind it would cease to exist and that it has never ratified the acts of Ruby Council whereby it accepted dues from John F. Hancock after it was suspended from the funeral benefit department.

As aforesaid, the testimony shows that John F. Hancock had paid all dues, taxes, and assessments due and owing by him to the financial secretary of the local council up to July 1, 1933, such dues and assessments including an amount necessary to keep him in good standing with the funeral benefit department of appellant; that the insured died on May 3, 1933, without any notice that Ruby Council No. 84, of which he was a member, had ever had any notice of suspension, and in the belief that his insurance was in full force and effect. While there is testimony on behalf of appellant that the National Council notified the financial secretary of Ruby Council of its suspension, there is no evidence in the record to show that the deceased was ever notified of said suspension. It is also a fact that the recording secretary of Ruby Council No. 84 filed a petition with appellant for the reinstatement of this local council, on which the names of the members appeared, including the name of John F. Hancock, but there is no testimony that John F. Hancock signed or knew of this petition.

In American Jurisprudence, Vol. 2, § 44, under the title

"Agency," we find: "So far as third persons are concerned, the principal, as a rule, may revoke the authority of his agent at any time, but the acts of an agent after his authority has been revoked may bind a principal as against third persons who, in the absence of notice of the revocation of the agent's authority, rely upon its continued existence. The general rule is that the acts of an agent, within the apparent scope of his authority, are binding on the principal as against one who had formerly dealt with him through the agent and who had no notice of the revocation. This is especially so with reference to transactions initiated by the agent before the revocation of his authority. This rule has been applied in favor of persons who have continued to deal with insurance agents, purchasing agents, and the like, without notice of the principal's revocation of their authority. Moreover, the principal may, by reason of his conduct subsequent to the revocation of an agent's authority, be estopped to deny that revocation."

In the case of *Ward v. Pacific Fire Insurance Company,* 115 S. C., 53, 104 S. E., 316, 317, Mr. Justice Hydrick, writing the opinion of the Court, stated: "The rule is well settled that the authority of an agent will be presumed to continue until notice to the contrary is brought home to those who have dealt with him. *Wilson v. Commercial Union Assurance Co.,* 51 S. C., 540, 29 S. E., 245, 64 Am. St. Rep., 700."

In view of the fact that the deceased had paid his dues to the duly qualified agent of appellant and had never received any notice of revocation of the agency through which he paid these dues over a long period of years, the exceptions which make up Issue 2 are overruled.

What has been said of Issues 1 and 2 disposes of the third issue raised by appellant, with the exception of the issue relative to the genuineness of the receipts showing payment of dues by Mr. Hancock, introduced by respondents. On the face of the receipts introduced in evi-

dence by respondents for the purpose of showing payment of dues by John F. Hancock, there appears the following provision: "Not genuine unless bearing the seal of the council on the face hereof, on the back, the seal of the National Council, and the signature of the National Secretary." None of the receipts bear the seal of the local council and some of them are not signed by the councilor. However, it is significant to notice that according to the provision regulating the genuineness of these receipts, it is not essential that they be signed by the councilor, and we, therefore, need only consider the failure of appellant's agent to affix the seal of the council thereon. This might well be an important issue, but in the instant case, the financial secretary, to whom the insured was required to pay his dues, testified that the money which the receipts recited as having been paid to him, was paid to him as financial secretary of Ruby Council No. 84; and that during his tenure of office he had never been furnished with a seal, and that none of the receipts issued by him during the time he held office was imprinted by a metallic seal. Now, regardless of the fact that the receipts do not bear a seal, the fact still remains that by the uncontradicted evidence of appellant's agent, he received the dues paid by the insured in his official capacity, and this constitutes payment to appellant.

Did the presiding Judge err in charging the law of waiver? In so doing, appellant alleges error (a) that there was an entire and absolute absence of any evidence of waiver in any particular and no evidence of waiver in any particular was submitted by the plaintiff; (b) that the said proposition of law charged herein was inapplicable, because there was no evidence of waiver in any particular, and such charge of the law of waiver merely tended to confuse and to mislead the jury. This is appellant's Exception 7. In appellant's Exception 8, appellant complains and alleges error on the part of the presiding Judge in refusing to charge a request to the effect that under the national laws

of appellant no officer of the National Council can waive any of the regulations of the National Council.

The following is the portion of the charge objected to by appellant: "However, those laws are for the benefit of the association, and the National Council, if it sees fit to do so, may waive any provision with reference to eligibility—and waiver is a question for the jury to determine from all the evidence in the case. Where a person relies on waiver, where he claims that a right has been waived, the person asserting waiver has the burden of establishing it by the greater weight, or preponderance, of the evidence. Now waiver is the voluntary and intentional relinquishment of a known right; and you will have to determine, if you find that the plaintiff's father, John F. Hancock, was ever properly suspended as a member of this funeral benefit department, from the evidence in the case whether or not he was ever re-instated as a member of that department. * * *" The defense of appellant was that Ruby Council No. 84 and the members thereof had been suspended for the nonpayment of dues and assessments for June, 1931. When Ruby Council, in March, 1933, undertook to become reinstated, appellant, from the funds transmitted at the time for that purpose, which included for John F. Hancock, applied an amount sufficient to cover the dues and assessments for June, 1931, and for the nonpayment of which it had at that time suspended Ruby Council No. 84, and its members. The issue of waiver could have well been submitted to the jury, with an appropriate charge. If there was no evidence of waiver adduced by respondents, appellant should have called the attention of the presiding Judge to such fact, either when he was charging the jury or immediately following his charge. It does not appear that council for appellant objected to the trial Judge charging the law of waiver, although it does appear that the trial Judge himself raised this question just before the argument of counsel to the jury and during the argument of counsel for respondents, Mr. Murray, of coun-

sel for appellant, asked the Court if he had ruled waiver out, to which the Court replied that he would think it over and instructed counsel for respondents to proceed with his argument. Just before concluding his charge to the jury, the trial Judge asked of counsel: "Is there anything else?" Counsel for appellant then suggested an additional statement regarding the relationship of principal and agent, and then the following colloquy between counsel for appellant and the Court, occurred:

"Mr. Murray: And you have also charged that the National Council has the right to waive that eligibility rule. We would like you to charge that no officer of the council has the right to waive those by-laws."

"The Court: I will charge them this: that no subordinate council has the right to waive any of its provisions. I will charge you this; that the National Council itself can waive any of the provisions contained in the by-laws."

"Mr. Stansfield: There is a provision of the national laws before your Honor to the effect that no officer of the National Council can waive any of the regulations of the National Council."

"The Court: I think I will let it stand as I have charged it."

In the case of *Burns v. Goddard,* 72 S. C., 355, 51 S. E., 915, 917, Mr. Justice Jones, delivering the opinion of this Court, said: "Whatever may be the view elsewhere, our cases support the view that an instruction upon an issue as to which there is no evidence whatever, or of mistake in stating issues, is not reversible error, unless the attention of the court is called to the matter. *Vann v. Howle,* 44 S. C., 546, 22 S. E., 735; *Crosswell v. Association,* 51 S. C., 469, 29 S. E., 236; *State v. Still,* 68 S. C., 37, 38, 466 S. E., 524, 102 Am. St. Rep., 657." Appellant cannot blow hot and cold at the same time. It complains that there was no evidence of waiver in the case in the first instance, and yet complains that the presiding Judge refused to charge a re-

quest by it relating to waiver, and then in its printed argument, has this to say: "And there being absolutely no evidence of a waiver on the part of the officers of the National Council, his Honor should have charged the jury as requested by defendant's council, at page 130, folio 519, of the Transcript, for that such proposition stated a sound principle of law, applicable to the testimony, and his Honor should have charged the jury, as requested, that no officer of the National Council could waive its by-laws."

The exceptions to the charge of the presiding Judge, relating to waiver, are overruled.

What has been said with reference to Issues 1 and 2, sufficiently disposes of Issue 5, and the exceptions relating to this issue are overruled.

The sixth and last issue has been fully covered in the discussion of the third issue, and what has been said with reference to that issue, disposes of this issue, and the exceptions relating thereto are overruled.

Judgment affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Bonham and Fishburne concur.