15731

## WOODWARD v. NATIONAL COUNCIL JUNIOR ORDER UNITED AMERICAN MECHANICS

(33 S. E. (2d), 625)

*Mr. John E. Stansfield,* of Aiken, S. C., and *Mr. J. Arthur Knight,* of Chesterfield, S. C., Counsel for Appellant,

*Mr. James E. Leppard,* of Chesterfield, S. C., Counsel for Respondent,

April 3, 1945.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

This action was commenced by service of summons, without complaint, on January 7, 1938. On January 24th following appellant served notice of appearance and demand for copy of the complaint. The latter was served upon counsel in January, 1941, and it was answered on May 31, 1942. The wheels of justice have ground slowly.

It was alleged in the complaint that respondent was a member of appellant's Ruby Council No. 84, whose Financial Secretary was the agent of appellant to collect and remit to it the dues and rates of the local members who participated in appellant's Funeral Benefit Department; that respondent was initiated and thereby admitted to beneficial membership in January, 1911, and remained in good standing until June 30, 1931, and he was furnished a certificate of insurance payable upon his death while in good standing of the sum of $500.00 to his legal dependent; that while in such good standing, about June 30, 1931, appellant without just cause or excuse summarily expelled respondent and declared his insurance to be forfeited, but such expulsion and forfeiture were concealed by appellant which continued to receive and accept the premiums (dues?) for the insurance which respondent continued to pay to appellant's agent;

and that although respondent was entitled to be reinstated in appellant's Funeral Benefit Department it refused such reinstatement and continued to declare the insurance to be lapsed and forfeited, whereby plaintiff was damaged in the sum of $500.00, judgment in which amount was prayed against appellant.

Among other defenses, appellant pleaded in its answer the defense of the statute of limitations, which only need be referred to as it alone is involved in the appeal.

The case was tried in the Court of Common Pleas of Chesterfield County in May, 1944, and resulted in a verdict and judgment for respondent in the sum of $475.00. Motions for nonsuit and for a new trial were unsuccessfully made by appellant upon grounds which included the plea of the six-year statute of limitations. As stated before, the appeal to this Court relates only to the latter. Appellant presents three questions, in substance as follows: (1) Does the statute begin to run from the date of a wrong, done without fraud, or from the time of the discovery of his cause of action by the injured party? (2) Did the Court err in holding that the limitation period began when respondent discovered his cause of action? And (3) was there error in the refusal of the Court to hold that the limitation period began upon the date of the expulsion of respondent from his local Council? It is seen that they make but a single point of controversy. Facts relating to it which are disclosed by the trial record will be stated.

Respondent, the plaintiff in the action, introduced in evidence the Constitution and By-Laws of appellant as amended in 1931 (which do not appear in the transcript) and testified in his own behalf to the effect that he lived near the town of Ruby and joined appellant's local Council there soon after it was established in 1911 and continued as a member until 1932. He produced a number of receipts signed by a Mr. Hamilton as councillor and a Mr. Hancock as

secretary, and the last receipt was dated May 3, 1932, covering his dues to July 1 that year. Witness was seventy-one years old at the time of the trial and testified that the local council officers told him after his last payment of dues that he and the other members had been dropped from the Funeral Department and that he was too old to be reinstated, after which he made no further payment of dues. On cross examination respondent said, in effect, that soon after his last payment of dues in May, 1932 (which carried him to July 1, 1932), he was told of his suspension from membership, along with the other local members, as of June 30, 1931.

After this evidence, which was all that was offered by respondent, appellant moved for nonsuit, urging that the alleged wrongful expulsion sued upon was in 1931, which the Court overruled upon the stated ground that, granting purported cancellation in 1931, the fact that appellant continued to receive premiums or dues until 1932, respondent was within the statute when he brought his action within six years of the latter date.

Appellant offered no evidence except to recall respondent as a witness for it and he was questioned as to whether the local Council ran smoothly until after the death of John F. Hancock, about May 3, 1933, and he said that he heard of the trouble before that time, but he did not recall how long before; he expressed it as "a right good bit" and emphatically said that he paid no more dues after receipt of the information.

The latter reference in the testimony to Mr. John F. Hancock is noted and the appeal in the suit upon his insurance is mentioned in appellant's reply brief. The case is reported in 180 S. C., 518, 186 S. E., 538, and contains details of respondent's operations and the difficulties of its Ruby Council. Of importance here is the conclusion that the local officer of the Ruby Council who received the dues

of the members was appellant's agent, which is not controverted in this litigation. This furnishes the foundation of the simple, but nonetheless correct, solution of the one problem presented by the appeal.

If the appellant was bound by the receipt of the dues by the local Council officer (and such was the holding of the *Hancock case,* necessarily so under the statute which is now Sec. 8072, Code of 1942), then respondent continued in good standing until July, 1932, and there was no such cause of action as is set up in the complaint. As long as respondent paid his dues or premiums to appellant's agent, he had a valid and enforceable policy, and therefore no cause of action for wrongful termination or expulsion from the Order. He could not have a valid policy and a cause of action for termination at the same time. Application of the authority of the *Hancock case* shows that he had the former (a valid policy) until he ceased payment of premiums upon receipt of information of expulsion (July 1, 1932), so the running of time under the statute of limitations began then, certainly not before. This consideration requires adverse answer to appellant's appeal.

Judgment affirmed.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Taylor and Oxner concur.